(No. 27982.—

THE PEOPLE *ex rel.* Adolph Ray *et al.*, Appellants, *vs.*
LEWISTOWN COMMUNITY HIGH SCHOOL DISTRICT
No. 241 *et al.*, Appellees.

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 20, 1944.*

RICHARD H. RADLEY, and CLARENCE W. HEYL, both of Peoria, for appellants.

ARTHUR D. YOUNG, of Lewistown, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Fulton county. The case involves the validity of the organization of Lewistown Community High School District No. 241. This district is located in the county of Fulton. On the relation of certain individual landowners in the district, the information or complaint in *quo warranto* was filed by the State's Attorney of Fulton county. The district and certain individuals alleged to be acting as members of the board of education of the district were named as defendants.

Count 1 of the complaint was directed only against the district. That count charged that the district unlawfully exercised and usurped the rights, powers and authority of a community high school district in certain territory described in that count. The prayer was that the district be required to answer by what warrant it claimed to have, use and enjoy the liberties, privileges and franchises of a community high school district, and by what warrant it claimed to exercise such powers.

Count 2 was directed only against the individual members of the school board. It charged that such individuals

had unlawfully usurped the office, powers and authority of members of the board of education of said district, which was designated in said count as "the pretended Lewistown Community High School District No. 241." The prayer of this count was that the defendants be required to answer by what warrant and authority they claimed to hold and execute such offices.

The third count was a joint count against both the district and the individuals. The prayer of the third count was that the district and the individuals be required to answer by what warrant they claimed to assume and exercise the corporate powers of the pretended school district and by what warrant they claimed to hold and execute the office of members of the board of education.

An answer was filed by the district and the individual defendants. The answer was divided into four parts, designated as counts one to four, inclusive. Count 1 is, in form, a joint answer of the district and the individuals, attacking the sufficiency of the complaint generally. The prayer of that count is that the complaint be dismissed and the summons quashed. Count 2 is the answer of the district to count 1 of the complaint. It was filed on behalf of the district, only. Paragraphs 1 to 11, inclusive, set out in detail the steps and proceedings taken for the organization of the district, in justification of the authority of the district to exercise the powers referred to in count one of the complaint. It contains a prayer that the complaint be dismissed as to the district and that the court enter an order finding the district legally organized. No question was raised in the answer as to the right of plaintiff to maintain the action against the district.

Count 3 of the answer was the answer of the individuals to count 2 of the complaint. In that count the individuals, by reference, realleged paragraphs 1 to 11, inclusive, of count 2 of the answer, which was the matters

pleaded in justification by the district to count one of the complaint. The remainder of count 3 of the answer then set up their election and qualification as members of the community high school board, after the organization of the district, in justification under count 2 of the complaint. The prayer of that count was that the petition be dismissed and that an order be entered finding that they were legally elected and qualified, and were entitled to act as members of such board.

Count 4 of the answer was an answer in justification, on behalf of both the district and the individual defendants to count 3 of the complaint. That count of the answer contains the prayer that the petition be dismissed; that the district be declared to be legally organized and the individual defendants lawfully elected and qualified as members of the board.

A reply was filed to the answer, in which, by separate counts, the averments of the answer as to each count in the complaint were denied. By the reply, substantially every material allegation in justification contained in the answer was denied.

Thereafter, the cause was tried upon the issues formed on the answer of the defendants, and plaintiff's reply to such answer. Evidence was offered on behalf of the defendants in support of the facts pleaded in justification in their answer. When the defendants had concluded their evidence and rested their case, plaintiff sought to offer evidence touching the question of the legality of the organization of the district, in support of the allegations in the reply and in rebuttal of the evidence offered by the defendants. The trial court ruled that plaintiff, having made the district, as such, a party defendant, was thereafter estopped from offering proof challenging the validity of the organization of the district. Thereupon, the plaintiff made a motion for leave to amend the complaint by strik-

ing out the name of the district, and also by striking out certain other parts of the complaint. This motion was denied. Judgment was entered finding all of the defendants not guilty, denying ouster, and dismissing the suit.

Thereafter, and within thirty days of the entry of the judgment, a motion was made by plaintiff to vacate the judgment. This motion was denied. Later, but within thirty days of the entry of the judgment a motion was filed by the plaintiff to "drop the party from this case known and described in the pleadings as Lewistown Community High School District No. 241" and to amend the pleadings, summons and return, by "striking the name Lewistown Community High School District No. 241" from the record and all pleadings in the cause. At the same time plaintiff moved for permission to withdraw "any admission or implied admission against it by reason of having made the alleged pretended" school district a party defendant. These motions were supported by affidavits. Both motions were denied.

This appeal has been perfected by the State's Attorney as the duly constituted representative of the People, the plaintiff in the case. Many questions are raised including the validity of the amendments to the school law made in 1941 by House Bill No. 634. (Laws of 1941, p. 1169.) However, in the view we take of the case, it will be necessary to consider only the question of the ruling of the court refusing to permit the plaintiff to introduce evidence touching the validity of the organization of the school district.

Since the revised Quo Warranto Act of 1937 (Ill. Rev. Stat. 1943, chap. 112, pars. 9 *et seq.,*) the procedure in *quo warranto* cases is governed by the Civil Practice Act. The ancient common-law writ of *quo warranto* was an original writ issuing out of a court of chancery in the nature of a writ of right for the King against one who

claimed or usurped any office, franchise or liberty, to inquire by what authority he asserted a right thereto in order that it might be determined. (*Rowan* v. *City of Shawneetown,* 378 Ill. 289.) Under our statute as it existed prior to 1937, the proceedings were criminal in form. By the enactment of the 1937 Quo Warranto Act a new form of procedure was adopted, the purpose of which was to make *quo warranto* actions conform in pleading, practice and procedure to the Civil Practice Act. (*People ex rel. Gage* v. *Village of Wilmette,* 375 Ill. 420.) Under the new act the proceedings are instituted on behalf of the People by the filing of a complaint by the Attorney General or the State's Attorney of the proper county. The proceedings are civil in form. (Ill. Rev. Stat. 1943, chap. 112, par. 11.) In some cases they may be commenced by an individual without the action of the Attorney General or State's Attorney. Where the complaint is not filed either by the Attorney General or State's Attorney, however, leave of the court to file the same must first be obtained. Ill. Rev. Stat. 1943, chap. 112, par. 10.

Section 3 of the 1937 Quo Warranto Act provides the form of the complaint and for the joinder of parties. It further provides that the several rights of diverse parties to the same office or franchise, privilege, exemption or license may properly be determined in one action and all such persons may be joined in the same complaint in order to try their respective rights to such office, franchise, privilege, exemption or license. (Ill. Rev. Stat. 1943, chap. 112, par. 11.) In a proper case other parties may be permitted to intervene and raise new and different issues. *People ex rel. Sandberg* v. *Grabs,* 373 Ill. 423.

Section 6 provides that in case any person or corporation against whom such complaint is filed is adjudged guilty as charged in the complaint, the court may give judgment of ouster against such person or corporation from the office

or franchise and fine such person or corporation. It may also give judgment in favor of the relator for the cost. Ill. Rev. Stat. 1943, chap. 112, par. 14.

Section 7 provides that the provisions of the Civil Practice Act and all existing and future amendments and modifications thereof, and rules adopted pursuant to said act, shall apply to all proceedings under the Quo Warranto Act, except as otherwise provided therein. Ill. Rev. Stat. 1943, chap. 112, par. 15.

Section 24(1) of the Civil Practice Act (Ill. Rev. Stat. 1943, chap. 110, par. 148(1)) provides for the joinder of parties and causes of action. Under that section any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the same arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted, either jointly, severally, or in the alternative, arising out of the same transaction or series of transactions, regardless of the number of causes of action joined. That section further provides that it shall not be necessary that each defendant shall be interested as to all the relief prayed for or as to every cause of action included in any proceeding against him.

Section 33(2) (Ill. Rev. Stat. 1943, chap. 110, par. 157(2)) provides that each separate claim or cause of action upon which a separate recovery may be had, shall be stated in a separate count or counterclaim, and each count, counterclaim, defense or reply, shall be separately pleaded, designated and numbered.

As a result of these various provisions of the Civil Practice Act, the plaintiff in *quo warranto* may join as many defendants as may be desired. The plaintiff may state in separate counts, separate and different causes of action

against each defendant, provided such causes of action arise out of the same transaction or series of transactions. Any person may be joined as a defendant whom it may be necessary to make a party for the complete determination or settlement of any questions involved, or against whom a liability is asserted, either jointly, severally, or in the alternative, arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.

The law is that when an existing corporation abuses any of its franchises or usurps powers which do not belong to it, the complaint must be against the corporation itself. (*People ex rel. Shrout* v. *Long,* 328 Ill. 297.) If the object of the proceeding is to question the legal existence of the corporation to which the offense pertains, it must be against the individuals assuming to hold and exercise the powers alleged to be usurped. *People ex rel. Smith* v. *Rodenberg,* 254 Ill. 386.

Under section 24 of the Civil Practice Act, if the plaintiff in a *quo warranto* proceeding desires to challenge the right of a corporation to exercise certain powers, without challenging its corporate existence, and also desires to challenge the legal existence of the corporation, this may be done in the same suit by stating the separate causes of action in separate counts. The first cause of action would be properly brought against the corporation and the second against the officers assuming to exercise such powers. The plaintiff may state in one count a cause of action against the corporation, charging it with usurpation of powers not possessed without challenging its corporate existence. By a separate count against the individuals who claim the right to exercise such powers, the plaintiff may challenge the existence of the corporation. The right of the plaintiff to join, in one suit, a count against the corporation for exceeding its corporate powers, and another count against the individuals for exercising or usurping the powers of a

corporation which does not exist, cannot be successfully challenged. The causes of action stated in the separate counts would be against separate parties and constitute separate and distinct causes of action. But they may be joined, under the Civil Practice Act, where they arise out of the same transaction or series of transactions, or otherwise come within the provisions of that act authorizing the joinder of defendants and different causes of action in the same suit.

Here, the plaintiff, by the first count, proceeded against the corporation only. No other party was named in that count. No averment in that count challenged the acts of any individual defendant. No one of the individual defendants was required to answer that count. The court could not enter any judgment against the individuals on that count. Obviously, the plaintiff could not sue the corporation as such and then attack its organization and existence as a corporation. Nevertheless, it had the right to sue the corporation as such and challenge its right to exercise powers alleged to be beyond its corporate purposes. If, when the issues were formed, it appeared that the legality of the organization of the corporation was in issue, then the plaintiff would not be entitled to judgment against the corporation, because it could not sue the corporation as such, and at the same time be permitted to show that it had no corporate existence.

The plaintiff in *quo warranto* is not required to allege any facts in the complaint showing that the challenged acts are unlawful. It is enough to allege the exercise of the right without lawful authority. All that is necessary or material in any count of the complaint is the general charge of usurpation. The defendant must either disclaim or justify. If he justifies he must set out facts which show his lawful authority to exercise the right claimed. (*People ex rel. King* v. *North Fork Outlet Drainage District*, 331 Ill. 68.) A complaint in *quo warranto* is not, in the strict

sense, a pleading. Following the function of the ancient writ, the complaint is the voice of sovereignty calling upon the defendant to answer by what authority he acts. The plaintiff is not required to either allege or prove any facts. The right to call upon any person, natural or artificial, by *quo warranto,* to justify his acts, is an incident of sovereignty. The burden is on the defendant. If he attempts to justify, he must allege and prove facts which justify his acts. Such facts when alleged may be rebutted. The defendant, not the plaintiff, must, by his answer, tender the issues on which the rights claimed by him are to be litigated.

By the second count in the complaint in this case, the charge of usurpation was only against the individuals claiming to be members of the board of education. This count was wholly separate. and distinct from the other counts in the complaint. No averment in that count challenged any act of the district. The district was not required to answer that count. The court could not enter any judgment against the district on that count. The district filed no answer to the second count. It alleged the unlawful usurpation and exercise, by the individual defendants, of the powers and authority of the office of members of a school board. The issue under that count was formed by the answer and the reply to such answer. This issue, formed by the answer and the reply, was the legality of the steps taken and the proceedings had for the organization of the district whose board of education the individual defendants claimed to be. Regardless of the question of whether the plaintiff was estopped to litigate the issue formed by the answer to the first count, and the plaintiff's reply to such answer, because it had sued the district in its corporate name, the second count stated a separate and distinct cause of action against the individual defendants named in that count. On the issue joined on the answer of the defendants to that count, by

plaintiff's reply to such answer, both parties had the right to offer any competent evidence. This right was in nowise affected by the fact that plaintiff had sued the district, as a corporation, in a separate cause of action in the first count.

As already observed, plaintiff was not required to set out any facts in the complaint to support the charge of usurpation. In *quo warranto,* no issues of fact are tendered by the complaint. The office of an information or complaint in the nature of *quo warranto* is not to tender an issue of fact, but only to call upon the defendants to show by what authority they claim the right to exercise the powers alleged to be usurped. (*People ex rel. Kinahan* v. *Blair,* 339 Ill. 57; *People ex rel. Mark* v. *Hartquist,* 311 Ill. 127.) The issues on which the case must be tried arise from the facts alleged in justification in the answer. Not until the answer and the reply thereto are filed are the issues defined or determinable.

In other litigation the complaint tenders the issues. It is only in rare instances that the issues tendered by the complaint, in so far as the plaintiff's case is concerned, are departed from. This is not true in *quo warranto* proceedings. In such cases the issues are never tendered by the complaint. They are tendered for the first time by the answer of the defendant.

At the time the suit was filed the plaintiff was compelled to determine who would be necessary parties defendant. If an issue should be later raised by the subsequent pleadings as to the right of the corporation to be such, then the corporation would not be a proper party. If the issue raised should be the right of the corporation to exercise a franchise beyond its powers, then the corporation would be a necessary and indispensable party. At the time the suit was filed the plaintiff was compelled to anticipate that either or both such situations might arise. The plaintiff could not postpone the determination of the

question of who would be either necessary or proper parties until the issues were formed.

We have already seen that under the Civil Practice Act an issue may be litigated in *quo warranto* proceedings against the corporation as to its right to exercise certain powers and authority, without challenging its corporate existence and, in the same suit, the plaintiff may litigate with the individuals exercising such powers the question of the lawful existence of the corporation. The plaintiff, therefore, had the right in the same suit to charge the corporation in one count with usurping powers which it did not possess and to charge, by a separate count, the individuals with usurping the powers of a corporation which had no lawful existence. In order to properly litigate those issues it would be necessary to make both the corporation and the individuals parties defendant. In such case, if it appears when the issues are formed by the answer to the complaint and plaintiff's reply to the answer that the only issue involved is the legal existence of the corporation, obviously the plaintiff could not proceed against the corporation. The question of the right of plaintiff to proceed further with the case against the corporation after the issues were formed would have been more properly raised by a motion testing the sufficiency of the reply, or a motion for judgment in favor of the district on the pleadings. The fact that this was not done, however, did not prevent the district from objecting to the plaintiff offering evidence on an issue which the plaintiff was estopped from litigating. The plaintiff having made the district a party defendant on the first count of the complaint was estopped from offering evidence under that count on the issue of its corporate existence. It could not proceed against it upon the theory that it was a corporation and, at the same time, take the incongruous position that it had no corporate existence. The court was clearly right in refusing to permit plaintiff to offer evidence attacking

the corporate existence of the district under the first count of the complaint. *People ex rel. Weber* v. *City of Spring Valley,* 129 Ill. 169.

The fact that the evidence offered was not admissible under the first count had no effect on its admissibility under the second count. The second count was an action in *quo warranto* properly brought by the People against the individuals claiming the right to hold and exercise the powers and duties of the office of members of the board of education of the school district. The district was not a party to that count. The mere fact that it was a party to the suit under the first and third counts of the complaint, did not estop the plaintiff from offering evidence on all the issues raised under the second count, to which count the district was not a party. The second count was an action solely against the individuals and was in nowise affected by the fact that the district was a party defendant to the actions under the other counts, in which the district was named a defendant. Each count must stand alone. The determination of the admissibility of evidence under either count was dependent upon the issues raised between the parties to that count.

A *quo warranto* proceeding might be properly instituted against a corporation and its individual officers for the purpose of challenging the right of the defendants to exercise some power which it was claimed they did not possess, and in which the existence of the corporation would not be involved. If it should thereafter clearly appear from the answer that the corporation had no legal existence, it would certainly be announcing a harsh and unjust rule to say that the plaintiff was barred from litigating the question of the legal existence of the corporation against its officers, merely because the corporation had been made a party to the suit to which it was, originally, not only a necessary, but an indispensable, party defendant. Yet this would be the logical result of the rule contended for by appellees.

The counts were properly joined in one suit. A corporation can only act through its corporate officers. Every act of its officers is the act of the corporation. In the exercise of all corporate powers the acts of both the corporation and its officers are involved. Consequently, the acts of the corporation and the acts of its officers necessarily constitute one and the same transaction within the joinder section of the Civil Practice Act.

By the second count the plaintiff called upon the individual defendants to show by what warrant they claimed the right to exercise the powers of the office of members of the board of education of a community high school district. By their answer, the defendants, in justification, set up the steps taken and proceedings had by which they justified such right. The legality of those steps and proceedings was specifically denied by the plaintiff's reply to the answer to that count. In this situation, clearly both parties had the right to offer any competent and relevant proof upon those issues. It was error for the court to refuse to permit the plaintiff to offer evidence on those issues under the second count.

This conclusion makes it unnecessary to consider any of the other questions raised. The rule is definitely settled that we will not consider constitutional questions where the case can be decided without doing so. *People* v. *Chiafreddo,* 381 Ill. 214; *People ex rel. Novotny* v. *Jarecki,* 372 Ill. 208; *People* v. *Adams,* 351 Ill. 79; *McEniry* v. *Tri-City Railway Co.* 254 Ill. 99; *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620.

The judgment of the circuit court of Fulton county is reversed. The cause is remanded to that court for further proceedings not inconsistent with the views expressed in this opinion. The court should permit either party to make any proper amendments to the pleadings which they may desire.

*Reversed and remanded.*