No. 3--97--0197

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) for the 12th Judicial Circuit ) Will County, Illinois 

Plaintiff-Appellant, )

)

v. ) 

) No. 96--CH--15799

ROGER CLAAR, ) 

) 

Defendant-Appellee, ) 

) 

(Village of Bolingbrook, ) Honorable

) Edwin B. Grabiec,  

Intervenor-Appellee). ) Judge Presiding

JUSTICE HOMER delivered the opinion of the court:

The Will County State's Attorney filed a complaint in 
quo
 
warranto
 (735 ILCS 5/18--101, 18--103 (West 1996)), against Robert Claar seeking his ouster as mayor of the Village of Bolingbrook based upon allegations that Claar's positions as mayor and director of the Illinois Toll Highway Authority are incompatible.  The trial court dismissed the complaint for failure to state a cause of action (735 ILCS 5/2--615 (West 1996)), and the State's Attorney appeals.  Following our careful review, we affirm.

FACTS

Defendant was first elected mayor of the Village of Bolingbrook in April 1989.  In June 1991, defendant received a gubernatorial appointment to the Board of Directors of the Illinois Toll Highway Authority (the Authority).  He was subsequently re-elected as mayor in April 1993 and 1997, and he was re-appointed to the Authority in November 1995.  He continues to serve in both offices.

The record reveals that as early as 1989, Bolingbrook officials were becoming increasingly concerned about the expansion of the neighboring Village of Woodridge through annexation.  In an effort to secure the village's eastern border, Bolingbrook officials sought the Authority's consent to annex a certain parcel of property along Interstate 355 which was owned by the Authority.  Woodridge objected to this proposition.

At its meeting in October 1992, the Authority approved a resolution which authorized its attorneys to negotiate a pre-annexation agreement with the Village of Bolingbrook.  Defendant recused himself from the vote on this resolution.  The following month, defendant, in his capacity as mayor of Bolingbrook, negotiated and signed the pre-annexation agreement with the Authority.  Thereafter, he executed a village ordinance approving the terms of the agreement and the annexation was completed.  In his capacity as Authority director, defendant continued to recuse himself from consideration of this annexation.

In November 1996, the State's Attorney filed the instant complaint in 
quo
 
warranto
 against defendant.  The complaint asked the trial court to compel defendant to show by what lawful authority he holds the office of mayor of Bolingbrook.  The State's Attorney alleged that defendant's acceptance of the purportedly incompatible public office of director of the Authority served as an 
ipso
 
facto
 resignation of his mayoral office.  The complaint sought a judgment of ouster and the imposition of a statutory fine.  The Village of Bolingbrook (the intervenor) was granted permission to intervene in the action.

Defendant filed a 2--615 motion to dismiss the complaint for failure to state a cause of action (735 ILCS 5/2--615 (West 1996)), contending that:  (1) the common law doctrine of incompatibility of public offices had been superseded by article V, section 9(a) and article VII, section 10 of the Illinois Constitution of 1970 and by enactment of section 10/28.1 of the Toll Highway Act (605 ILCS 10/28.1 (West 1996)) and (2) the doctrine of laches barred the complaint.  The intervenor filed a motion on similar grounds pursuant to sections 2--615 and 2--619 (735 ILCS 5/2--615, 2--619 (West 1996)).

Without specifically addressing these contentions, the trial court granted the motions to dismiss finding that the complaint failed to state a cause of action under the doctrine of incompatibility of offices as enunciated in 
People ex rel. Myers v. Haas
, 145 Ill. App. 283 (1908), Illinois statute, or the Illinois Constitution.  The State's Attorney appeals.

 

ANALYSIS

A complaint in 
quo
 
warranto
 is appropriate when:

"(1)  Any person usurps, intrudes into, or unlawfully holds or executes any office, or franchise, or any office in any corporation created by authority of this State; [or]

***

(3)  Any public officer has done, or allowed any act which by the provisions of law, works a forfeiture of his or her office[.]"

735 ILCS 5/18--101(1), (3) (West 1996).

Such complaint need not set forth the specific basis of the challenge, but may, in general terms, allege that an individual is exercising a claimed right without lawful authority and call upon that individual to show by what lawful authority he exercises it.  However, if plaintiff elects to set forth specific grounds for an attack on defendant's claimed right, defendant may answer the complaint or present a motion as in other civil actions.  735 ILCS 5/18--103 (West 1996).  Because the instant complaint contained specific allegations attacking defendant's right to hold the office of mayor, it was proper for the court to entertain the motions to dismiss in this case.

A 2--615 motion to dismiss attacks the legal sufficiency of a complaint, not its factual sufficiency.  In reviewing a trial court's dismissal of a complaint for failure to state a cause of action, this court's standard of review is 
de
 
novo
.  
Barham v. Knickrehm
, 277 Ill. App. 3d 1034, 1037, 661 N.E.2d 1166, 1168 (1996).  We must determine whether the allegations set forth in the complaint establish a legally recognizable cause of action.  In doing so, all well-pleaded facts within the four corners of the complaint are regarded as admitted and true, together with all reasonable inferences drawn therefrom.  
Bank of Northern Illinois v. Nugent
, 223 Ill. App. 3d 1, 9, 584 N.E.2d 948, 953 (1991).  The trial court's decision to grant a motion to dismiss will be sustained on appeal if no set of facts as pleaded by plaintiff could conceivably state a cause of action.  

The State's Attorney argues that he set forth a legally recognizable cause of action in 
quo
 
warranto
 under the common law doctrine of incompatibility of public offices as established in 
Haas
.  The complaint alleges that because a conflict of interest exists between defendant's duties as mayor of the Village of Bolingbrook and his duties as a director of the Authority, he was prevented from properly and faithfully performing the duties of both offices during consideration of the subject annexation.  The complaint further alleges that the possibility of future conflicts of interest is substantial as long as defendant is permitted to simultaneously hold both offices, noting possible issues regarding the allocation of construction costs for toll highway ramps and agreements for the provision of municipal services.  The State's Attorney argues that by dismissing the complaint, the trial court erroneously overruled the common law doctrine of incompatibility of public offices and frustrated the liberal pleading requirements which govern complaints in 
quo
 
warranto
.  

In creating the doctrine of incompatibility of public offices, the 
Haas
 court held that one person is prohibited from holding two public offices which are "incompatible."  T
he court found that the duties and demands of the offices of United States Senator and municipal court clerk conflicted to the extent that one person was incapable of simultaneously holding both offices.  In rendering its decision, the court determined that incompatibility exists:

"when the written law of a state specifically prohibits the occupant of either one of the offices in question from holding the other and, also, where the duties of either office are such that the holder of the office cannot in every instance, properly and fully, faithfully perform all the duties of the other office."  
Haas
, 145 Ill. App. at 286.

This doctrine has most often been invoked when an apparent conflict of duties exists between two local governmental offices where one of the offices is subordinate to the other.  For example, in 
People ex rel. Fitzsimmons v. Swailes
, 101 Ill. 2d 458, 463 N.E.2d 431 (1984), our supreme court examined the compatibility of the offices of county board member and township assessor and found them to be incompatible because the township assessor was subordinate to the supervisor of assessments who was subordinate to members of the county board.  See also 
Rogers v. Village of Tinley Park
, 116 Ill. App. 3d 437, 451 N.E.2d 1324 (1983) (positions as village trustee and police officer for same village incompatible because latter is subordinate to former); 
People ex rel. Teros v. Verbeck
, 155 Ill. App. 3d 81, 506 N.E.2d 464 (1987) (positions of county board member and deputy coroner incompatible because board members had the authority to act upon the salary and budget of the coroner).  Because neither office in the instant case is subordinate to the other, the intervenor argues that the trial court correctly dismissed the complaint.

The intervenor also urges this court to affirm the trial court's decision based upon our supreme court's decisions in 
People v. Capuzi
, 20 Ill. 2d 486, 170 N.E.2d 625 (1960) and 
Livingston v. Ogilvie
, 43 Ill. 2d 9, 250 N.E.2d 138 (1969).  The intervenor asserts that those cases are determinative of the issue because they address the compatibility of a state office with other local offices.  However, 
Livingston
 and 
Capuzi
 addressed the propriety of members of the General Assembly simultaneously holding other governmental positions interpreting article IV, section 3 of the Illinois Constitution of 1870 relating to qualifications of members of the General Assembly.  Neither case raised allegations of conflict of duties.  Therefore, we do not find these cases instructive to the issues presented in the instant appeal. 

Likewise, the parties have not cited, and we have not found, any express constitutional or statutory authority, decisional law, or attorney general opinions determining whether the offices of mayor and director of the Authority are compatible offices.  Therefore, we consider the question one of first impression.  In applying the analysis outlined in 
Haas
, we
 must determine whether the complaint contains sufficient allegations demonstrating a conflict of duties between the two offices to establish incompatibility.  

"Incompatibility [of offices] is said to be found in the character of the offices and their relation to each other, in the subordination of the one to the other, and in the nature of the duties and functions which attach to them.  In this regard, it has been said that, in determining whether incompatibility exists, the test is incompatibility in the functions or duties of office rather than a mere possibility of a conflict of interest.  Offices are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant, so that because of the contrariety and antagonism which would result from the attempt of one person to discharge faithfully, impartially, and efficiently the duties of both offices, considerations of public policy render it improper for an incumbent to retain both."  63C Am. Jur. 2d 
Public Officers & Employees
 §58 (1997). 

Clearly, it is undisputed that defendant was faced with a "conflict of interest" when the Village of Bolingbrook sought to annex land owned by the Authority.  However, this fact alone does not establish a "conflict of duties" as alleged by the State's Attorney.  Although the State's Attorney recognizes that a "conflict of duties" is distinguishable from a "conflict of interest," he misinterprets the distinction between these two concepts.

A conflict of duties can involve a conflict of interest; however, it does not follow that every conflict of interest results in a conflict of duties.  The key distinction is found in the language of 
Haas
, which requires a showing that the "
duties
 of either office are such that the holder of the office cannot in every instance, properly and fully, faithfully perform all the 
duties
 of the other office."  (Emphasis added.)  
Haas
, 145 Ill. App. at 286.  It does not follow from 
Haas
, that a potential conflict of interest is sufficient to establish incompatibility of offices.  Such conflicts are routinely cured through abstention or recusal on a specific matter, such as when a judge recuses himself from hearing a case in which he has a potential conflict of interest.  See also 56 Am. Jur. 2d 
Municipal Corporations
 §172 (1971).

The instant complaint simply contains a recitation of the duties of both offices and conclusory statements that those duties are incompatible.  The complaint notes that defendant's duties as mayor include:  presiding over the village board meetings; voting on ordinances, resolutions, and motions in the event of a tie or in other circumstances; approving ordinances, resolutions, and motions passed by the village board; and the power, along with the village board, to contract with other units of government, to annex property, and to provide municipal services.  The Board of Directors of the Authority, the complaint notes, has the power to acquire real property by purchase, gift, condemnation, or otherwise, and enter into contracts and agreements necessary or incidental to performance of its powers under the Toll Highway Act.  See 605 ILCS 10/1 
et
 
seq.
 (West 1996).

The mayor oversees the functions of the village; the Board of Directors of the Authority manages the toll highway system in Illinois.  Neither office is subordinate to the other.  Although it is conceivable, as was the case here, that there may be instances of interaction between the two entities, such matters would be rare, and ordinarily, one would be expected to have very little interaction with the other.  Consequently, the duties imposed upon the holder of each office do not inherently conflict, and defendant's simultaneous service does not, in and of itself, prevent him from fully and faithfully performing the duties of both offices.

We disagree with the State's Attorney's argument that the doctrine of incompatibility as established in 
Haas
 would be abrogated if we uphold the trial court's dismissal of his complaint.  Rather, we hold that the instant complaint is legally insufficient because no set of facts as pleaded by the State's Attorney could conceivably state a cause of action in 
quo
 
warranto
 based upon incompatibility of the offices of mayor and Authority director.

In so holding, we also reject defendant's argument that the common law doctrine of incompatibility of offices has been superseded by legislative enactment or constitutional amendment.  We disagree with defendant's assertion that the governor's exercise of his constitutional appointment powers (Ill. Const. 1970, art. V, §9(a)), supersedes the common law doctrine of incompatibility of offices.  The fact that the governor may be vested by the constitution and by statute with the authority to make certain appointments has no bearing on whether the appointee holds another office which may be incompatible.  Although the appointment may suggest that the governor believes the offices to be compatible, it does not follow that this belief must necessarily be correct in the absence of an independent legal basis.

Defendant also argues, unconvincingly, that when any intergovernmental activities are involved, the common law incompatibility doctrine is no longer applicable because of a constitutional provision expressly encouraging intergovernmental cooperation (Ill. Const. 1970, art. VII, §10)).  Subsection (b) of article VII, section 10, expressly authorizes officers of local government agencies to participate in cooperative activities with other units of local government without relinquishing their offices.  The purpose of this provision was to provide the maximum flexibility to units of local government in working out solutions to common problems in concert with other units of government.  It does not contravene the time-tested common law doctrine established in 
Haas
 which prohibits the holding of two offices with conflicting duties. 

Likewise, we reject defendant's argument that section 10/28.1 of the Toll Highway Act, which he interprets as prohibiting directors from having a "personal financial interest" in contracts with the Authority, controls.  605 ILCS 10/28.1 (West 1996).  Because the State's Attorney has not alleged that defendant had any such interest here, we find that statutory provision immaterial.

Finally, we reject defendant's argument that the complaint is barred by the affirmative defense of laches.  If laches is apparent from the four corners of the complaint then it may be the proper subject of a section 2--615 motion to dismiss.  
Summers v. Durand
, 267 Ill. App. 3d 767, 771, 643 N.E.2d 272, 275 (1994).  However, laches is not apparent from the face of the instant complaint.  Although over five years passed between the time defendant first began serving in both offices and the filing of this complaint, defendant has failed to show how he was prejudiced by the delay.

Because the complaint fails to demonstrate that there exists a conflict of duties which prohibits defendant from fully and faithfully performing simultaneously the duties of mayor of the Village of Bollingbrook and director of the Illinois Toll Highway Authority, we affirm the trial court's order dismissing the complaint for its failure to state a cause of action.

 

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON, P.J., and MCCUSKEY, J., concur.