THE PEOPLE OF THE STATE OF ILLINOIS, by EDWARD SMITH, State's Attorney of the County of Kankakee, Illinois, Plaintiff-Appellee, v. P. CARL BROWN, Defendant-Appellant.

Third District   No. 3—03—1031

Opinion filed April 25, 2005.

Thomas E. McClure (argued), of Elliott & McClure, of Bourbonnais, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (Brenda L. Gorski, Assistant State's Attorney, of counsel), for the People.

David O. Edwards (argued) and Christopher E. Sherer, both of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellee.

JUSTICE McDADE delivered the opinion of the court:

In this case from Kankakee County, the defendant P. Carl Brown appeals from a summary judgment removing him from the position of Kankakee County Park District board member, a position to which he was elected on April 10, 2001. The defendant argues that the trial court improperly found a conflict of duties between the park district position and the position of City of Kankakee alderman, to which he was elected on April 8, 2003. For the following reasons, we affirm the summary judgment issued by the trial court.

## FACTS

On September 8, 2003, the State's Attorney of Kankakee County filed an action in *quo warranto* seeking the defendant's removal from his position as park board member. The complaint alleged that an impermissible conflict of interest arose from the fact that the defendant held both the park district position and the alderman position at the same time. Ruling on the State's motion for summary judgment, the trial court found, after noting that the defendant had recused himself from a number of matters before each board due to a conflict, that "[there is] an inherent and incompatible conflict of inter-

est for any one person to contemporaneously occupy both of the said positions concurrently, for the reasons that the holder of such offices cannot, in every instance, fully and faithfully discharge all the duties of each such office. The public interest is not well served when a member declines to participate in areas of conflict and in effect, by so failing to participate, disenfranchises those who elected said member to fully participate and represent the public's interest in all matters brought before each board." The court then found that, by virtue of his election to the second position of alderman, Brown was ousted from his position as member of the park district board. The court ordered the defendant's removal from that position, but later stayed enforcement until the conclusion of this appeal.

## ANALYSIS

The State argues that the defendant should be removed under the common law doctrine of incompatibility of office. Two public offices are incompatible under the common law when " 'the written law of a state specifically prohibits the occupant of either one of the offices in question from holding the other and, also, where the duties of either office are such that the holder of the office cannot in every instance, properly and fully, faithfully perform all the duties of the other office.' " *People v. Claar*, 293 Ill. App. 3d 211, 215, 687 N.E.2d 557, 560 (1997), quoting *People ex rel. Myers v. Haas*, 145 Ill. App. 283, 286 (1908).

■ The court in *Claar* stated additionally:

" 'Incompatibility [of offices] is said to be found in the character of the offices and their relation to each other, in the subordination of the one to the other, and in the nature of the duties and functions which attach to them. In this regard, it has been said that, in determining whether incompatibility exists, the test is incompatibility in the functions or duties of office rather than a mere possibility of a conflict of interest. Offices are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant, so that because of the contrariety and antagonism which would result from the attempt of one person to discharge faithfully, impartially, and efficiently the duties of both offices, considerations of public policy render it improper for an incumbent to retain both.' " *Claar*, 293 Ill. App. 3d at 216-17, 687 N.E.2d at 560-61, quoting 63C Am. Jur. 2d *Public Officers & Employees* § 58 (1997).

■ Neither of the offices held by Mr. Brown is subordinate to the other. That indication of incompatibility does not apply. The key issue in this appeal is whether the positions of alderman and park commissioner are so inherently in conflict with one another that one

individual should not be allowed to hold both. On this point, the State advances persuasive (as opposed to "binding") authority in the form of an opinion of the Illinois Attorney General. In the opinion, the Attorney General stated that the positions of park district president and municipal alderman were incompatible. After noting that a number of state statutes define ways in which a park district and a municipality may enter into agreements with respect to various specified purposes, the opinion reasoned that if "one were to hold both offices, he or she could not fully represent the interest of both governmental units when those units contract with each other." 1985 Ill. Att'y Gen. Op. 85—051.

The State argues similarly. It points out a number of statutes pursuant to which a park district and a municipality may enter into contracts with one another. Such statutes include the Park District Code (70 ILCS 1205/1—1 et seq. (West 2002)), which allows for "joint ownership with one or more cities, villages or incorporated towns of real and personal property used for park purposes by one or more park districts" (70 ILCS 1205/8—1(f) (West 2002)). In the event that a municipality and a park district participate in joint ownership, they must enter into a written agreement that is fair, just and equitable to all parties. 70 ILCS 1205/8—1(f) (West 2002). A park district may also, under the Park District Code, grant licenses, easements, and rights of way to municipalities for utilities and other needs (70 ILCS 1205/ 8—11 (West 2002)); convey a fee interest in real estate to municipalities (70 ILCS 1205/10—3 (West 2002); 50 ILCS 605/0.01 et seq. (West 2002)); sell or lease park property to a municipality for public use (70 ILCS 1205/10—7 (West 2002)); and enter into cooperative agreements with respect to the development, operation, financing and participation in joint recreational programs of various types (70 ILCS 1205/ 8—18 (West 2002)).

The Park District Airport Site Act allows a park district to convey property or property rights to "any city or village authorized to establish, maintain and regulate airports" and may allow a municipality to construct and maintain roads, bridges or other connections to the airport over park district property. 70 ILCS 1300/1 (West 2002). The Park Commissioners Street Control Act (1907) allows a municipality to enter into an agreement with a park district to provide for the maintenance of roads adjoining park property. 70 ILCS 1260/1 (West 2002). A park district may also connect roads under its control with the roads of any adjacent municipality and take control of any municipal roads inside park property with the consent of the municipality. 70 ILCS 1265/1 (West 2002).

The relationship between a park district and a municipality is

defined by a number of potential contractual relationships. We believe that the existence of this myriad of possible relationships creates a potential for a conflict of duties that would result in incompatibility of offices. However, the defendant counters that to the extent any potentially conflicting matter comes before either board, he can recuse himself. In fact, the record shows that the defendant has already recused himself in one matter before the park district, in a vote held on whether the City of Kankakee should be allowed to dump leaves on Kankakee park district property.

We find that recusal is not sufficient to cure the significant potential for conflict that exists between the two positions. As noted in *Rogers v. Village of Tinley Park,* " ' "[p]ublic policy demands that an office holder discharge his duties with undivided loyalty. The doctrine of incompatibility is intended to assure performance of that quality." ' " *Rogers v. Village of Tinley Park,* 116 Ill. App. 3d 437, 446, 451 N.E.2d 1324, 1330 (1983), quoting *Kaufman v. Pannuccio,* 121 N.J. Super. 27, 31, 295 A.2d 639, 641 (1972), quoting *Jones v. Mac-Donald,* 33 N.J. 132, 135, 162 A.2d 817, 818 (___). " ' "[T]he common law doctrine of incompatibility [exists to insure] that there be the appearance as well as the actuality of impartiality and undivided loyalty." ' [Citations.]" *People ex rel. Teros v. Verbeck,* 155 Ill. App. 3d 81, 84, 606 N.E.2d 464, 466 (1987); *Rogers,* 116 Ill. App. 3d at 446, 451 N.E.2d at 1330. It was further noted that the very need for recusal in specific instances is "compelling proof" that incompatibility exists. *Rogers,* 116 Ill. App. 3d at 446, 451 N.E.2d at 1330.

In light of these principles, we must find that the two offices held by the defendant are incompatible. The potential relationships that could exist between the two governing bodies, as well as the fact that the defendant has already been required to recuse on at least one occasion, supports and indeed necessitates the finding of incompatibility.

It is advanced by the defendant that the decision in *Claar* is dispositive in this case and mandates that he should be allowed to remain in both positions. We view the question before us to be one governed primarily by the specific characteristics of the two offices under review, and the analysis will of necessity be case specific. We do not view the facts of *Claar* as being analogous to those of this case, since they involve two entirely different offices, and other than its usefulness in setting forth general principles, we find the case to be of limited relevance. In *Claar,* it was important that "[a]lthough it is conceivable *** that there may be instances of interaction between the two entities, such matters would be rare and, ordinarily, one would be expected to have very little interaction with the other." *Claar,* 293 Ill. App. 3d at 217, 687 N.E.2d at 561. In addition, the court in *Claar*

found that the State failed to allege sufficient potential conflicts between the positions in its complaint, when it merely listed, in a general fashion, the duties of each office and stated conclusorily that the duties conflicted. *Claar*, 293 Ill. App. 3d at 217, 687 N.E.2d at 561. This is not the situation we are presented with in this case. Here, there are a number of well-defined potential relationships and interactions between the two governmental bodies of which the defendant is a member. Because these interactions are substantially more significant and more likely to occur than the alleged interactions in *Claar*, we do not reach the same conclusion as was reached in that case.

Officeholders, whether they be legislative, executive, judicial, or administrative, have private interests outside of their official capacities. It is practically inevitable, then, that conflicts of interest will arise between those private interests and the officeholder's public duties. In those instances, it is proper that the officeholder recuse himself or herself from the matter in which the conflict arises. While it would be preferable that officeholders never have to recuse themselves, it may nonetheless be unavoidable on occasion.

It is different when the conflict of interest arises from the simultaneous holding of two public positions. In light of the significant array of statutorily permitted or required dealings between the park district and constituent municipalities, recusal cannot solve the problem.

We assume that Mr. Brown was selected by the voters in Kankakee for two elected positions because he offered plans and insights regarding each that they felt needed to be voiced. Anytime one of the issues arises in which both the park district and the City of Kankakee have an interest, the constituents of both are denied both the benefit of his participation and the reward of their vote.

In a situation such as this, the law has provided a way to avoid the conflict: forcing the officeholder to abandon one of the positions. This is the very result the doctrine of incompatibility is meant to achieve. We find that, with respect to the double occupancy of a park district board and the city board of aldermen, there *is* a conflict of duties.

Since we have found the positions to be incompatible, we also find that the defendant's election to and acceptance of the position of Kankakee city alderman was, *ipso facto*, a resignation from his position as member of the park district board. *People ex rel. Myers v. Haas*, 145 Ill. App. at 286. We therefore affirm the order of the circuit court of Kankakee County.

## CONCLUSION

We find that the defendant, due to a significant potential for

conflicts created by state statute, is unable to fully and faithfully perform his duties, in every instance, as both member of the board of the Kankakee County Park District and alderman of the City of Kankakee. By accepting the position as alderman, the defendant, *ipso facto*, resigned his position as member of the park district board. The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

LYTTON and BARRY, JJ., concur.