FIRST JUDICIAL DISTRICT
THIRD DIVISION
March 16, 2011

No. 1-10-2900

|  |  |  |
|---|---|---|
|  | ) | APPEAL FROM THE |
|  | ) | CIRCUIT COURT OF |
| THE PEOPLE *ex rel.* ANITA ALVAREZ, | ) | COOK COUNTY |
| State's Attorney of Cook County, | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | No. 10 CH 9953 |
| v. | ) |  |
|  | ) |  |
|  | ) | HONORABLE |
| KEITH PRICE, | ) | MARK A. BALLARD, |
| Defendant-Appellant. | ) | JUDGE PRESIDING. |

JUSTICE STEELE delivered the judgment of the court, with opinion.
Presiding Justice Quinn and Justice Neville concurred in the judgment and opinion.

## O P I N I O N

Defendant Keith Price appeals an order of the circuit court of Cook County granting summary judgment to the plaintiff People of the State of Illinois on its *quo warranto* complaint, ousting Price from three public offices. Price argues that the circuit court erred in: (1) granting summary judgment on the State's amended complaint; (2) granting the State leave to intervene; and (3) denying Price's motion to dismiss under section 2-615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2008)). We conclude: (1) the conflicting duties of Price's offices render those offices incompatible; (2) the circuit court properly granted leave to intervene; and (3) the pleading requirements for *quo warranto* are such that the circuit court properly refused to dismiss the State's amended complaint. Accordingly, we affirm.[1]

---

[1] John Doe and Brenda L. Thompson were previously plaintiffs in this case, but they were dismissed by the circuit court and are not parties to this appeal.

BACKGROUND

The record on appeal discloses the following facts. In May 2007, Price assumed the offices of alderman for the sixth ward of Harvey, Illinois, board member of Harvey School District 152, and commissioner of the Harvey Park District, each of which has an elected four-year term. In May 2009, Price assumed the office of Harvey library district board member, which has an elected six-year term.

On March 10, 2010, John Doe, as a Harvey resident and taxpayer, filed a petition sounding in *quo warranto*. Doe sought Price's removal from the office of park district commissioner, claiming that the office was incompatible with Price's position as an alderman. On April 1, 2010, with leave of court, Doe filed an amended *quo warranto* petition, adding Brenda L. Thompson, another Harvey resident and taxpayer, as a petitioner.

On April 13, 2010, the State petitioned the circuit court for leave to intervene and file an amended complaint. The State argued that Doe filed his petition without requesting that the State's Attorney or Attorney General bring suit, or obtaining their refusal to sue, as required by Illinois law. See 735 ILCS 5/18-102 (West 2008). The State also noted that Doe failed to bring the action in the name of the State, as required by Illinois law. See 735 ILCS 5/18-103 (West 2008). Accordingly, the State sought leave to intervene as a matter of right and file an amended complaint to correct the deficiencies in Doe's filings.

On April 14, 2010, Price filed his appearance and a motion to dismiss Doe's petition pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2008)), arguing that Doe and

Thompson had failed to request the State's Attorney or Attorney General to bring suit, or to obtain their refusal to sue. On May 24, 2010, following a hearing and argument from the parties on the matter, the circuit court entered an order: (1) granting the State's petition for leave to intervene and file an amended complaint; and (2) dismissing Doe's complaint with prejudice. The State filed its amended complaint the same day.

On June 21, 2010, Price filed a motion to dismiss the State's complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2008)), arguing that the State failed to properly allege that his offices were incompatible. On June 28, 2010, the circuit court denied Price's motion to dismiss.

On July 29, 2010, Price filed an answer and affirmative defenses to the State's complaint, denying any incompatibility in his offices and claiming the action was barred by equitable estoppel and *laches*.

The same day, the State filed a motion for summary judgment on its amended complaint, seeking to oust Price from his offices as alderman, school board member and park district commissioner. The State argued that the offices of alderman and school board member are incompatible because: (1) a city council may allocate revenue-sharing funds to a school district, while a school board member has the duty to provide revenue to maintain the schools; and (2) a city and school district may contract with each other for property transactions, traffic regulation and fire protection. The State then argued that the offices of alderman and park district commissioner are incompatible because a city and park district may engage in a variety of real estate transactions, including joint and cooperative arrangements. Lastly, the State then argued

that the offices of park district commissioner and library district board member are incompatible, again because the two entities may be involved in real estate transactions and projects, particularly in light of the Libraries in Parks Act (75 ILCS 65/1 *et seq.* (West 2008)).

On September 1, 2010, Price filed his response to the motion for summary judgment. Price argued that the State failed to allege any facts showing any incompatibility of his offices, or to identify any specific recusal, action or inaction on his part demonstrating an incompatibility of offices. Price also argued that there was no division of loyalty on his part because all of his offices served the citizens of Harvey.

On September 24, 2010, following a hearing and argument on the matter, the circuit court granted the State's motion for summary judgment, ousting Price from his offices as alderman, school board member and park district commissioner. On September 28, 2010, Price filed a timely notice of appeal to this court.

DISCUSSION

On appeal, Price argues that the circuit court erred in (1) granting summary judgment on the State's amended complaint, (2) granting the State leave to intervene, and (3) denying Price's section 2-615 motion to dismiss. We address Price's arguments in turn.

I. The Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2008). In a proper case, a *quo warranto* action may be decided by summary judgment.

1-10-2900

See *People ex rel. Smith v. Brown*, 356 Ill. App. 3d 1096, 1101-02, 828 N.E.2d 306, 310-11 (2005). Appellate review of a summary judgment is *de novo*. *Arangold Corp. v. Zehnder*, 204 Ill. 2d 142, 146, 787 N.E.2d 786, 789 (2003).

The primary question is whether Price's offices were incompatible. Public offices are considered incompatible when "the written law of a state specifically prohibits the occupant of either one of the offices in question from holding the other and, also, where the duties of either office are such that the holder of the office cannot in every instance, properly and fully, faithfully perform all the duties of the other office." (Internal quotation marks omitted.) *People v. Claar*, 293 Ill. App. 3d 211, 215, 687 N.E.2d 557, 560 (1997) (quoting *People ex rel. Myers v. Haas*, 145 Ill. App. 283, 286 (1908)). As this court explained in *Claar*:

"Incompatibility [of offices] is said to be found in the character of the offices and their relation to each other, in the subordination of the one to the other, and in the nature of the duties and functions which attach to them. In this regard, it has been said that, in determining whether incompatibility exists, the test is incompatibility in the functions or duties of office rather than a mere possibility of a conflict of interest. Offices are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant, so that because of the contrariety and antagonism which would result from the attempt of one person to discharge faithfully, impartially, and efficiently the duties of both offices, considerations of public policy render it improper for an incumbent to retain both." (Internal quotation marks omitted.) *Claar*, 293 Ill. App. 3d at 216-17, 687 N.E.2d at 560-61 (1997) (quoting 63C Am. Jur. 2d *Public Officers and Employees* §58 at 501-02

-5-

1-10-2900

(1997)).

Although the *Claar* court noted there must be more than a "mere possibility" of a conflict of interest, the Illinois Supreme Court has ruled the offices of township assessor and Du Page County board member are incompatible based on the possibility of a conflict of interest. *People ex rel. Fitzsimmons v. Swailes*, 101 Ill. 2d 458, 469, 463 N.E.2d 431, 436 (1984). Thus, instead of examining whether there has been an actual conflict in the two offices in which a person is serving, Illinois courts look to whether there will eventually be a conflict. *People ex rel. Barsanti v. Scarpelli*, 371 Ill. App. 3d 226, 233, 862 N.E.2d 245, 251-52 (2007) (and cases cited therein).

For example, in *People ex rel. Smith v. Brown*, 356 Ill. App. 3d 1096, 828 N.E.2d 306 (2005), this court addressed whether the positions of alderman and park commissioner are incompatible. This court noted that the Illinois Attorney General had opined that the positions of park district president and municipal alderman were incompatible, reasoning that the statutory contractual relations that may exist between a park district and a municipality would restrict a dual officeholder who "could not fully represent the interest of both governmental units when those units contract with each other." (Internal quotation marks omitted.) *Brown*, 356 Ill. App. 3d at 1099, 828 N.E.2d at 308 (quoting 1985 Ill. Att'y Gen. Op. 85-015, at 2-3). The *Brown* court then cited a number of statutes pursuant to which a park district and a municipality may enter into contracts with one another. *Brown*, 356 Ill. App. 3d at 1099, 828 N.E.2d at 309. The court concluded that "the existence of this myriad of possible relationships creates a potential for a conflict of duties that would result in incompatibility of offices." *Brown*, 356 Ill. App. 3d at 1100, 828 N.E.2d at 309; see *Scarpelli*, 371 Ill. App. 3d at 233, 862 N.E.2d at 251 (following

1-10-2900

*Brown* in analyzing compatibility of township park district commissioner and village trustee offices).

In this case, the circuit court followed the reasoning of *Brown* and *Scarpelli*. The State's motion for summary judgment cited a number of statutes creating the types of relationships between an alderman and a school board member found incompatible in those cases. See 65 ILCS 5/11-45-15 (West 2008) (authorizing municipalities and school districts to contract for the transfer, sale or lease of real property); 105 ILCS 5/10-22.42 (West 2008) (contracting for traffic regulation in parking areas); 65 ILCS 5/11-6-2 (West 2008) (contracting for fire protection). The State also argued that a conflict existed between an alderman's duties in voting on the allocation of revenue-sharing funds to a school district (30 ILCS 115/3 (West 2008)) and a school board member's duty to provide revenue to maintain the schools (105 ILCS 5/10-20.3 (West 2008)). See 1985 Ill. Att'y Gen. Op. 85-019. The circuit court relied on the statutes specifically cited in *Brown* to conclude that the offices of alderman and park district commissioner were incompatible. See *Brown*, 356 Ill. App. 3d at 1099, 828 N.E.2d at 309. Similar relationships arise when considering the positions of a park district commissioner and a library district board member. See, *e.g.*, 75 ILCS 65/1 *et seq*. (West 2008) (the Libraries in Parks Act).

Price argues that *Brown* and *Scarpelli* are distinguishable, because this court considered actual conflicts of interest that resulted in recusals or abstentions in those cases. Price is correct to note that the need for recusal in specific instances is " 'compelling proof' " that incompatibility exists. *Brown*, 356 Ill. App. 3d at 1100, 828 N.E.2d at 309 (quoting *Rogers v. Village of Tinley Park*, 116 Ill. App. 3d 437, 446, 451 N.E.2d 1324, 1330 (1983)). However, as noted earlier,

incompatibility does not require a showing of an actual conflict. *Scarpelli*, 371 Ill. App. 3d at 233, 862 N.E.2d at 251-52 (and cases cited therein). Rather, it is the nature of the duties and functions of the offices that control the analysis.

Price also argues that *Brown* and *Scarpelli* are distinguishable, because those cases involved offices serving different constituencies, *e.g.*, county and city or township and village, whereas his offices all serve constituents in Harvey. Neither *Brown* nor *Scarpelli* relies on such a distinction. Moreover, the fact that Price's various offices are located within the jurisdictional boundaries of Harvey does not establish a unity of interest. For example, Price offered no evidence or claim that the interests of the sixth ward are always the same as the interests of Harvey School District 152. Price also offered no evidence or claim that lesser bodies like a school district, a park district and a library district do not have competing interests. In sum, Price established no genuine issue of material fact on this issue.

Lastly, Price argues that summary judgment was improper because he raised genuine issues of material fact in his answer and affirmative defenses, particularly the defenses of equitable estoppel and *laches*, to which the State failed to respond. However, as the State correctly notes, the defenses of *laches* and estoppel are generally unavailable where an information or complaint in *quo warranto* is filed by the proper legal officer of the People and the public interest is involved. *People ex rel. Phelps v. Kerstein*, 413 Ill. 333, 342, 108 N.E.2d 915, 919 (1952). An exception is made for *laches*, however, if, as a result of inexcusable delay and public acquiescence, a judgment of ouster would result in great public inconvenience and detriment. *Scarpelli*, 371 Ill. App. 3d at 235, 862 N.E.2d at 252-253. Price claimed in his defenses that there would be detriment to the

public because he had already served in three of his offices for over three years and the public had voted to elect him based on his plans and insight. Yet the Illinois Supreme Court has ousted someone holding dual offices for approximately 12 years. See *Swailes*, 101 Ill. 2d at 469, 463 N.E.2d at 436. Moreover, the notion that incompatibility could be defeated by the fact that people voted for the candidate would be an exception swallowing the rule. Generally, this court has considered "great public inconvenience and detriment" in the context of the financial cost to the public and whether personnel or student disruption would take place as the result of an ouster. *Scarpelli*, 371 Ill. App. 3d at 235, 862 N.E.2d at 253 (and cases cited therein). Price made no claim of public detriment in these terms, let alone submit evidence on the issue. Moreover, Price's conclusory denial of compatibility fails for the reasons already stated. Accordingly, Price's argument fails.

## II. The State's Intervention

Price argues that the circuit court erred in granting the State leave to intervene, because Doe filed his petition without requesting that the State's Attorney or Attorney General bring suit, or obtaining their refusal to sue, and thus lacked standing to sue on behalf of the State. The purpose of the intervention is to expedite litigation by disposing of the entire controversy among the persons involved in one action to prevent a multiplicity of lawsuits. *Argonaut Insurance Co. v. Safway Steel Products, Inc.*, 355 Ill. App. 3d 1, 7, 822 N.E.2d 79, 84 (2004). The intervention statute is remedial in nature and as such, should be construed liberally. *Id.* Intervention as a matter of right should be allowed upon consideration of issues of timeliness, inadequacy of representation, and sufficiency of interest. *Safway*, 355 Ill. App. 3d at 8, 822 N.E.2d at 85. The

decision to allow or deny intervention, whether permissive or as of right, is a matter of sound judicial discretion that will not be reversed absent an abuse of that discretion. *Safway*, 355 Ill. App. 3d at 7, 822 N.E.2d at 84.

Price claims that because Doe and Thompson lacked standing, there was no cause of action pending for intervention by the State. This is incorrect. In Illinois, lack of standing in a civil case is an affirmative defense, which will be forfeited if not raised in a timely fashion in the trial court. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508, 524 N.E.2d 561, 582 (1988). Thus, under Illinois law, issues of standing do not implicate the court's subject matter jurisdiction. See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252-53, 930 N.E.2d 895, 916 (2010).

In this case, the State moved to intervene before Price filed his motion to dismiss. Properly filed motions should generally be heard and disposed of in the order in which they are filed. *In re Dominique F.*, 145 Ill. 2d 311, 324, 583 N.E.2d 555, 561 (1991). Moreover, the State sought to intervene as a matter of right for the very reasons Price raised a day later in his motion to dismiss. Price does not argue that the State's motion was untimely. He agrees that the State is the proper representative and interested party in the matter. The circuit court could consider that had it dismissed the action before deciding the State's motion to intervene, the likely outcome would have been the State bringing a separate *quo warranto* action, which runs against the general purpose of intervention. Given the facts and circumstances of the case, the circuit court did not abuse its discretion in granting the State leave to intervene in this case.

III. Price's Section 2-615 Motion to Dismiss

Finally, Price argues that the circuit court erred in denying his motion to dismiss the State's amended complaint for failure to state a claim, pursuant to section 2-615 of the Code. See 735 ILCS 5/2-615 (West 2008). The State, relying on *DuPage Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 86, 744 N.E.2d 845, 853 (2001), argues that the denial of the section 2-615 motion is an interlocutory order that merges with the judgment for the purposes of appellate review. However, that case addressed the application of collateral estoppel where a federal court entered summary judgment on one count and dismissed a second count, but the relevant parties ultimately settled their dispute by agreeing to dismiss their lawsuits with prejudice. *Material Handling Services, Inc.*, 195 Ill. 2d at 82-86, 744 N.E.2d at 852-53. In Illinois, a court of review has jurisdiction to review an interlocutory order that constitutes a procedural step in the progression leading to the entry of the final judgment from which an appeal has been taken. *E.g.*, *Knapp v. Bulun*, 392 Ill. App. 3d 1018, 1023, 911 N.E.2d 541, 547 (2009). The denial of the motion to dismiss logically precedes the grant of summary judgment because a motion for summary judgment ordinarily assumes, for the purpose of the motion, that the complaint states a legally viable cause of action. *Hampton v. Cashmore*, 265 Ill. App. 3d 23, 25-26, 637 N.E.2d 776, 778 (1994). Thus, the denial of the motion to dismiss is reviewable here.

However, the State correctly notes the unique nature of the State's amended complaint: "A complaint in *quo warranto* is not, in the strict sense, a pleading. Following the function of the ancient writ, the complaint is the voice of sovereignty calling upon the defendant to answer by what authority he acts. The plaintiff is not required to either

-11-

allege or prove any facts. *** The burden is on the defendant [to disclaim or justify]. If he attempts to justify, he must allege and prove facts which justify his acts. *** The defendant, not the plaintiff, must, by his answer, tender the issues on which the rights claimed by him are to be litigated." *People ex rel. Ray v. Lewistown Community High School*, 388 Ill. 78, 86-87, 57 N.E.2d 486, 491 (1944).

See also *People ex rel. Daley v. Datacom Systems Corp.*, 176 Ill. App. 3d 697, 712-13, 531 N.E.2d 839, 848 (1988) (following *Lewistown Community High School*).

Indeed, the provision of the Code governing *quo warranto* complaints follows the common law, stating that the State "need not set forth the basis of the challenge, but may in general terms allege that the defendant is exercising the claimed right without lawful authority and call upon the defendant to show by what warrant he, she or it exercises it." 735 ILCS 5/18-103 (West 2008).

Price acknowledges that the complaint may be stated in general terms, but argues that conclusory allegations conflict with this court's statements in *Brown* and *Scarpelli* that incompatibility must be determined on a case-by-case basis. See, *e.g.*, *Brown*, 356 Ill. App. 3d at 1100, 828 N.E.2d at 310 ("We view the question before us to be one governed primarily by the specific characteristics of the two offices under review, and the analysis will of necessity be case specific."). Although Price does not mention it, we note that in *Claar*, this court affirmed the dismissal of a *quo warranto* complaint "when it merely listed, in a general fashion, the duties of each office and stated conclusorily that the duties conflicted." *Brown*, 356 Ill. App. 3d at 1101 (citing *Claar*, 293 Ill. App. 3d at 217, 687 N.E.2d at 561). However, *Claar* was not called upon to consider the unique pleading standards for *quo warranto* under statutory and case law,

apparently because it was not raised by the parties in that case. The fact that a judicial analysis of incompatibility ultimately turns on the specific characteristics of the offices at issue does not require that the State's *quo warranto* complaint detail those characteristics. Moreover, given our ruling that summary judgment was proper, it is apparent that the State could allege and prove incompatibility in this case. Accordingly, we conclude that the circuit court did not err in denying Price's section 2-615 motion to dismiss.

## CONCLUSION

In sum, the circuit court did not err in granting summary judgment to the State. The circuit court did not abuse its discretion in granting the State leave to intervene. Lastly, the circuit court did not err in denying Price's section 2-615 motion to dismiss. For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

| | REPORTER OF DECISIONS – ILLINOIS APPELLATE COURT |
|---|---|
| Please Use Following Form: | (Front Sheet to be Attached to Each Case) |
| Complete TITLE of Case | THE PEOPLE *ex rel.* ANITA ALVAREZ, State's Attorney of Cook County, Plaintiff-Appellee, v. KEITH PRICE, Defendant-Appellant. |
| Docket No. COURT Opinion Filed | No. 1-10-2900 Appellate Court of Illinois First District, THIRD Division March 16, 2011 (Give month, day and year) |
| JUSTICES | JUSTICE STEELE delivered the judgment of the court, with opinion: Presiding Justice Quinn and Justice Neville concurred in the judgment and opinion. |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. | Lower Court and Trial Judge(s) in form indicated in the margin: Circuit Court of Cook County, Chancery Division The Honorable Mark A. Ballard , Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago. For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel) Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented. Attorney for **Defendant-Appellant:** **Law Offices of Dalal M. Jarad, of Schaumburg, IL** (Dalal M. Jarad, of Counsel) Attorneys for **Plaintiff-Appellee:** **Anita Alvarez, State's Attorney of Cook County, of Chicago, IL** (Patrick T. Driscoll, Jr., Deputy State's Attorney, Louis R. Hegeman, Supervisor, and Thomas Cargie, Assistant State's Attorney, of Counsel) |