(No. 26954.—

GILBERT S. GIESE *et al.,* Appellants, *vs.* C. W. TERRY *et al.,*
Appellees.

*Opinion filed January 21, 1943.*

J. F. EECK, for appellants.

WARNOCK, WILLIAMSON & BURROUGHS, and C. W. TERRY, (RAYMOND H. BURROUGHS, of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiffs, Gilbert S. Giese, Orville E. Hodge, and Clement Bothman, as trustees, and individually, together with forty-two others, filed their complaint in the circuit court of Madison county against the defendants, C. W. Terry and George D. Burroughs, seeking the declaration of a constructive trust in favor of plaintiffs as to an improved parcel of real estate. Defendants' motion to dismiss the original complaint and an additional count was sustained, and a decree was entered dismissing the action. Plaintiffs prosecute a direct appeal, a freehold being necessarily involved.

Determination of whether plaintiffs have stated a cause of action requires a review of their pleadings. From the complaint it appears that the forty-five individual plaintiffs are members of and constitute an association formed to preserve and use as a country club and community center the tract of 104 acres used by the Madison County Country Club. Plaintiffs are members and assignees of members of the original syndicate which purchased the real estate

and improvements for country-club purposes. They are also beneficiaries and assignees of beneficiaries under a resolution and authorization of November 27, 1923, by which Terry, Burroughs, F. H. Blackmore, R. S. Studebaker, and D. G. Williamson, now deceased, were appointed trustees to take title to the property. December 3, 1923, title was taken in the names of the five persons last named, as trustees. Thereafter, on December 6, 1923, the trustees executed and delivered to Joseph M. Pyle a mortgage to secure an indebtedness of $20,000. Default was made by the trustees in the payment of the promissory notes executed by them and, on November 15, 1938, a foreclosure proceeding was instituted in the circuit court of Madison county. January 27, 1939, a decree of sale was entered and, on February 24, the property was sold by a special master in chancery to the Edwardsville National Bank and Trust Company, as trustee, for $9,472.58, and a certificate of purchase was issued to the bank, as trustee. February 24, 1940, Terry, with his own money, purchased from the bank, as trustee, the certificate of purchase for $10,059.44, the amount paid by the bank, as trustee, with interest, and the certificate of purchase was, at Terry's request, assigned to Burroughs and himself. By their complaint, plaintiffs allege that on May 24, 1940, Giese, Hodge and Bothman, as trustees, for and on behalf of the association of individuals interested in preserving the real estate as a country club and community center, delivered to Terry a certified check for $10,210.33, the sum paid by him for the certificate of purchase, with interest to the day named, and requested Terry and Burroughs to assign to plaintiff-trustees, on behalf of the parties interested and for the purposes described, the certificate of purchase; that Terry retained the check a number of days and then returned it; that he and Burroughs have failed and refused to assign the certificate to plaintiff-trustees, although repeatedly requested so to do, and that, subsequently, on June 24, 1940,

Terry and Burroughs presented the certificate of purchase to the master in chancery of the county and procured from him a master's deed dated June 26, 1940, conveying the property to them. The deed was caused to be duly recorded.

Additional allegations are that defendants Terry and Burroughs are members of the original syndicate which purchased the property in question and are also beneficiaries under the resolution and authorization of November 27, 1923; that, as such beneficiaries, defendants, at the time Terry purchased the certificate of purchase and had it assigned to himself and Burroughs, had the same rights and privileges as the individual plaintiffs to buy the certificate of purchase; that on May 24, 1940, and, at various other times, plaintiffs have requested defendants to become members of the association of which Giese, Hodge and Bothman are trustees, but that they have failed and refused to subscribe and pay any money to the organization or new syndicate for the accomplishment of its objectives. Plaintiffs further allege that defendants, having taken title to the property in 1923, as trustees, having mortgaged the premises and allowed a default to occur, the mortgage to be foreclosed, and the property sold to satisfy the mortgage debt, cannot, at law or in equity, acquire any title or interest in the real estate adverse to the interest of plaintiffs; that defendants, having acquired the certificate of purchase with their own money, and having obtained a master's deed to themselves, as individuals, cannot be permitted to derive any profit by taking title to themselves, but, instead, hold title for the benefit of plaintiffs, who, upon a proper deed of conveyance being executed and delivered to Giese, Hodge and Bothman, as trustees, are willing and offer to reimburse defendants for the money expended in acquiring title to the real estate, with legal interest thereon to May 24, 1940, the day tender was made to them.

The additional count alleges that the association composed of the individual plaintiffs was formed prior to Feb-

ruary 24, 1940, and that money was being subscribed by the members for the purpose of buying the certificate of purchase on or before this day; that before the day named and while plaintiffs were engaged in taking subscriptions defendant Terry promised plaintiff Giese that he, Terry, would aid the new organization by buying the certificate of purchase for the benefit of parties interested in the country club property, and that, if permitted to make the purchase, he would, upon being reimbursed for the money expended in making such purchase, assign the certificate of purchase to the trustees selected by parties interested, and that, by reason of the promises made by Terry and the confidence and trust which plaintiffs reposed in him and his promises, they permitted him to purchase the certificate of purchase from the bank, as trustee, and to have the certificate assigned to himself and Burroughs. Plaintiffs also allege that on May 24, 1940, the plaintiff trustees on behalf of the new association, pursuant to the promises and agreements of Terry, delivered to him a certified check for $10,210.33 and requested defendants to assign the certificate to them, as previously narrated. The only other material additional allegation is that defendant Terry, having promised and agreed that if permitted to buy the certificate of purchase he would assign it to plaintiff-trustees for the purposes previously mentioned, he and Burroughs cannot, at law or in equity, acquire any title or interest in the property adverse to plaintiffs. The prayer for relief, as in the original complaint, is for a declaration of a constructive trust as to the property in controversy, and that defendants be required, in consideration of the payment to them of the money expended in acquiring title, to convey the property to plaintiffs Giese, Hodge and Bothman, as trustees, to be used as a country club and a community center.

Defendants interposed their motion for judgment in their favor and to dismiss the action on the ground of legal insufficiency of plaintiffs' pleadings. June 23, 1942, de-

fendants' motion to dismiss was allowed for the reason that neither the original count nor the additional count stated an equitable cause of action, and the action was dismissed. Although such relief was not sought, defendants were ordered to commence proceedings within thirty days to wind up and terminate the original trust for which they are trustees in accordance with the terms and provisions of the trust agreement and to prosecute the proceedings to as expeditious a conclusion as is practicable. This appeal from the entire judgment followed.

One general class of constructive trusts consists of those cases in which the existence of a confidential relation and the subsequent abuse of the confidence reposed is sufficient to establish such trust. (*Suchy* v. *Hajicek,* 364 Ill. 502.) If one occupying a fiduciary relation such as trustee deals with the subject matter of the relationship and thereby gains an advantage to himself he will be deemed guilty of fraud, either actual or constructive, depending upon his intent and purpose. (*Doner* v. *Phoenix Joint Stock Land Bank,* 381 Ill. 106.) The existence of the relationship affords a basis for fastening a constructive trust upon property in the hands of a grantee, irrespective of his oral promise to use it for the benefit of another. (*Suchy* v. *Hajicek, supra.*) To prevent the perpetration of wrong the courts will, by construction, raise a trust converting the holder of a legal title into a trustee, and enter such orders as may be necessary to protect the rights of the wronged or defrauded party. (*Harmony Way Bridge Co.* v. *Leathers,* 353 Ill. 378.) Defendants, having, as trustees, executed the mortgage on the real estate in 1923 and being trustees when it was sold in the mortgage-foreclosure proceeding, cannot purchase for themselves, as individuals, the certificate of purchase and take a deed to the property. (*Galbraith* v. *Tracy,* 153 Ill. 54.) The facts well pleaded by plaintiffs and admitted by defendants' motion to dismiss to be true (*Scully* v. *Hallihan,* 365 Ill. 185,) are that defendant Terry

paid for the certificate of purchase with his own money and then had it assigned to himself and Burroughs, and that they thereafter acquired the master's deed conveying the property to themselves as individuals and caused the deed to be recorded. The law forbids them, having mortgaged the property while they and three others held title as trustees, from now taking title as individuals and placing themselves in a position from which they may reap personal advantage. A confidential relation obtained between defendants and plaintiffs in their capacity as members of the new syndicate as well as members of the original syndicate.

Defendants admit that having acquired title to the real estate involved, they hold title in trust for all members of the original syndicate who purchased the property for a country club in 1923 and for whom they and their cotrustees were appointed trustees. (*Mettler* v. *Warner,* 249 Ill. 341; *King* v. *Cushman,* 41 id. 31.) They maintain that a constructive trust arose in favor of all the original beneficiaries but not for the exclusive benefit of a part of them. They point out that neither the complaint nor the additional count alleges that plaintiffs constitute all of the members of the original syndicate. Apart from the fact that the complaint is susceptible of the construction that plaintiffs do constitute all of the members or assignees of the members of the original syndicate, and defendants who were also members are parties to this action, the question of nonjoinder of parties should be raised by answer and not by a motion to dismiss. If, however, as defendants insist, there was a nonjoinder of parties, the persons not made plaintiffs or defendants should have been added as parties by order of the court. Section 26 of the Civil Practice Act (Ill. Rev. Stat. 1941, chap. 110, par. 150,) ordains: "No action shall be defeated by non-joinder or mis-joinder of parties. New parties may be added and parties mis-joined may be dropped by order of the court at any stage of the

cause, before or after judgment, as the ends of justice may require." All persons should be made parties who are legally or beneficially interested in the subject matter of the litigation, and who will be affected by the decree, so as to enable the court to dispose of the whole controversy. If the lack of parties is brought to the attention of the court, whether one of original or appellate jurisdiction, the court should not proceed further in the matter until the omission has been corrected, even though no objection is made by any party litigant. *London & Lancashire Indemnity Co.* v. *Tindall,* 377 Ill. 308; *Texas Co.* v. *Hollingsworth,* 375 id. 536.

Defendants contend further that the alleged oral promise of defendant Terry was in violation of the Statute of Frauds. The statute does not apply to cases where the law raises a constructive trust, as such trusts are expressly excepted from its operation by section 9. Ill. Rev. Stat. 1941, chap. 59, par. 9.

Plaintiffs appeal from the entire judgment asserting, as appears from the pleadings, that the matter of winding up and terminating the original trust was not before the trial court. Defendants, in effect, confess error as to the portion of the decree with respect to termination of the trust. The provisions of the trust agreement were not before the court and it follows, necessarily, that a determination of whether the purposes of the trust had been accomplished or whether the trust agreement had expired could not be made.

The decree of the circuit court is reversed and the cause is remanded, with directions to deny defendants' motion for judgment and dismissal of the action.

*Reversed and remanded, with directions.*