(No. 28022.—⬛)

GILBERT S. GIESE et al., Appellees, vs. C. W. TERRY et al., Appellants.

*Opinion filed Sept. 19, 1944—*⬛

PERRY H. HILES, and WARNOCK, WILLIAMSON & BURROUGHS, both of Edwardsville, for appellants.

J. F. EECK, of Edwardsville, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Madison county entered an order decreeing a constructive trust in favor of appellees and directing appellants to execute a deed to a certain tract of ground in Madison county amounting to 104 acres, to appellees Gilbert S. Giese, Orville E. Hodge and Clement Bothman, as trustees for plaintiffs "and other persons in interest." This is the second appearance of this case in this court. In *Giese* v. *Terry*, 382 Ill. 34, an order of the circuit court sustaining appellants' motion to dismiss the complaint, was reversed on the ground that, on the facts set forth in the complaint, a constructive trust was alleged. Appellants there contended there was a nonjoinder of parties and upon the order of reversal it was suggested that if there was a nonjoinder of parties, necessary persons not made plaintiff or defendant should be added. When the mandate of this court was filed in the circuit court and the cause redocketed, appellees, by leave of court, amended the original complaint by interlineation, so that the averment was made that the suit was brought on behalf of plaintiffs "and all other persons interested," and that the defendants, who are appellants here, hold title to the real estate for the benefit of plaintiffs "and other persons in interest."

As the allegations of the complaint appear somewhat in detail in *Giese* v. *Terry*, 382 Ill. 34, it is unnecessary to restate them here. Appellants filed an answer in which they admitted execution and delivery by them, as trustees, of a mortgage in the sum of $20,000 to Joseph M. Pyle; admitted default in its payment, foreclosure, the foreclosure decree, sale and the purchase of the property by the Edwardsville National Bank and Trust Company, trustee, and later the purchase by appellants from the bank of the certificate of purchase and the later acquisition of a master's deed for the premises. They deny any agreement on the part of appellant Terry to accept a certain certified check

with the promise to deed the property to the plaintiffs and allege that if he had so promised he had no power to bind the other trustees and their *cestuis* by such promise.

Appellants' answer also admits that plaintiffs requested them to turn the property over to plaintiffs representing a new syndicate, and admit they refused to do so for the reason that it would be a breach of their duty as trustees under the original trust agreement. The answer makes it clear that appellants claim to act as trustees of the first syndicate consisting of sixty-one members who signed the original trust agreement. They admit that they could not, if they chose, derive any benefit from the property for themselves adverse to the interest of the *cestuis que trustent* under the original trust agreement.

The answer sets out the original trust agreement, alleges the purchase of the real estate as trustees for the *cestuis,* sixty-one in all, who were parties to the original trust agreement; alleges that after the purchase of the property it was rented to the Madison County Country Club for the sum of $3000 a year, which income was intended to be used, and was used, so long as it was paid, to pay off the mortgage against the premises. The answer also alleges that the majority of the plaintiffs are not members of the original syndicate or parties to the trust agreement, nor assignees, grantees or successors to such parties or members, but are strangers and have no right or interest of any kind in the trust property.

The cause was heard before the chancellor who held that appellees are members of an association of individuals formed for the purpose of preserving and using, as a country club and community center, the real estate in question. The decree also found that plaintiffs are members of the original syndicate or assignees of such members, and that a fiduciary relationship exists between appellants and appellees, and that a constructive trust exists as to the real

estate. The decree directed that appellants convey the property to appellees, as trustees, on behalf of all appellees who are plaintiffs, "and all other persons interested," upon appellees paying to appellants the sum of $10,210.33, the orginal purchase price of the certificate of sale, without interest, and certain further sums as costs, taxes and insurance.

Although it is unfortunate that this cause must be returned for further proceedings in the circuit court, it is clear that necessary parties are not before the court. An examination of the trust agreement entered into by appellants, as trustees, with sixty-one beneficiaries, known herein as the original syndicate, discloses that each of such sixty-one persons is directly interested in the outcome of this proceeding, yet it appears from the record that only eight of the sixty-one are made parties to this proceeding, and they as plaintiffs. It is sought to uphold the decree, however, on the ground that the plaintiffs represent the balance of the sixty-one. The only persons who are plaintiffs as beneficiaries under any trust agreement, in addition to the eight beneficiaries of the original agreement, are thirty-seven so-called new members, apparently members of the country club which was the tenant of these premises prior to its default in rental.

There is no confidential relationship in the form of trustee and *cestui,* nor in any other form between the appellants and the country club. The original tri-party agreement, among appellants as trustees, the sixty-one members of the original syndicate, and the country club, provided that the country club should become the tenant of the original syndicate. This agreement also provided that, upon default in the payment of rent, the right of the country club to use and occupancy of the land should cease and the club deliver up possession of the premises to appellants as trustees, who should thereupon hold the same for

the sole use and benefit of the subscribers to the original syndicate, their legal representatives or assigns.

Appellees argue that upon foreclosure and sale of the mortgaged property, appellants' trusteeship in the land ceased, and as the plan of the original trust was to make possible the creation of a country club and a community center, the appellees, in forming the new syndicate for that purpose, established themselves as *cestuis* and appellants stood in a confidential relationship to them when they took over the property by purchasing the certificate of sale and taking a master's deed. Appellants at no time ceased to be trustees for the members of the original syndicate. As they state in their pleadings, when they took the master's deed, they took the property, although in their individual names, as trustees for the subscribing members of the original syndicate. But plaintiffs say that when they amended their complaint by adding the words "in behalf of themselves and all other persons interested," and making like amendment in other appropriate places of the complaint, they included all persons in interest. The question arises, however, whether the effect of such amendment was to bring in all members or persons interested in the matter of the original syndicate. The names of all the sixty-one members are in the record. There is no doubt as to their identity. It is not claimed that this is a representative or class suit, as such. No reason appears why they or their legal representatives, heirs or legatees of those deceased, could not and should not have been made parties. Plaintiffs' counsel argues that they now have all the necessary parties before the court, but an examination of the record will show that the position taken and the relief sought by plaintiffs render it incompatible that they represent all parties interested. What they seek is the declaration of a constructive trust for the benefit of at least thirty-seven persons who were not members of the original syndicate,

and unless it be admitted that those members of the original syndicate do not have any interest in the premises, which is not admitted, the relief sought by plaintiffs is contrary and antagonistic to the interest of the sixty-one members of the original syndicate, for if the thirty-seven new members are entitled to that relief, the result would be to increase the number of the original syndicate from sixty-one members to ninety-eight, with the exception of any shown to have assigned their interest in the original trust, if any such there be. Thus it is readily seen that plaintiffs can not represent the interest of those remaining members of the original trust agreement.

Neither the country club nor its members, as such, were interested in the original syndicate except as tenants under a separate arm's-length agreement, and membership in that organization did not and cannot now make such member a beneficiary of the original trust agreement. All of the sixty-one members of the original syndicate or their representatives should be made parties. It is thus clear that this proceeding still lacks necessary parties. It is unfortunate that after such extended litigation it becomes necessary to require additional parties, but the record is not in such condition that the court can enter a decree defining the interest of each and every person interested in the subject matter of the litigation. The decree of the circuit court is reversed and the cause remanded with directions to permit amendment to the pleadings, if the parties be so advised, to the end that all members beneficially interested in the subject matter of this suit may be made parties to the litigation.

*Reversed and remanded, with directions.*