Hartshorne Motors, Inc., Appellee, v. Francis J. Kennedy, Appellant.

Gen. No. 44,956.

Opinion filed April 5, 1950.   Rehearing denied May 4, 1950.   Released for publication May 17, 1950.

THOMAS A. McCAFFREY, of Chicago, for appellant.

JOSEPH A. and PHILIP E. GOLDE, both of Chicago, for appellee.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff corporation, an automobile dealer, filed a complaint praying that the court decree defendant to sell a certain Buick automobile and distribute the proceeds in accordance with the terms of a written agreement executed by plaintiff, J. B. Pereira de Almeida, a citizen of Brazil and defendant as trustee of the proceeds of the sale. Trial by the court resulted in a finding that defendant breached the trust agreement and should be surcharged with the sum of $875; that plaintiff was entitled to attorney's fees and stenographer's charges. In conformity with the findings a decree was entered. Defendant appeals.

The evidence discloses that some time in 1948, Almeida purchased a new Buick sedanette in New York City which he drove to the City of Chicago; that on June 16, 1948, he left his automobile with plaintiff for

the purpose of making certain repairs; that after making the repairs plaintiff parked Almeida's automobile in a parking lot adjoining plaintiff's premises, from whence it was stolen; that on July 8, 1948, Almeida executed a bill of sale conveying title to the stolen automobile to defendant Kennedy; that Almeida also executed a power of attorney to defendant empowering him to sell the stolen automobile in the event of its recovery, at the highest price obtainable, and to disburse the proceeds as directed in another agreement which provided that the proceeds recovered shall be distributed by defendant in the following order: out of the first proceeds there shall be paid to plaintiff the sum of $900; that defendant shall reimburse himself for all expenses in connection with recovering the stolen automobile, including attorney's fees, and thereafter remit such balance as remains, if any, to the order of Almeida; and that Almeida releases plaintiff of all claims which he might have against plaintiff by reason of the theft of the automobile while in the possession of plaintiff.

After the issues were joined the cause was heard by the chancellor who found, among other things, that the automobile in question came into the possession of defendant about the 11th day of August 1948; that defendant ignored all requests by plaintiff to sell the automobile; that by virtue of the conduct of the defendant and his breach of trust plaintiff was required to employ attorneys and file the instant suit; that defendant and the trust fund are liable for all of the costs and attorney's fees incurred by plaintiff; that defendant is liable and should be surcharged with the sum of $875, representing the depreciation in value of the automobile. The decree further found that there is due plaintiff $900 under the terms of the agreement; $300 for attorney's fees and $36.80 for stenographer's fees, amounting to a total of $1,236.80, together with

all costs of the proceeding, all of which the decree finds as indebtedness due and payable to plaintiff from the proceeds of the automobile.

The principal question presented is whether Almeida is a necessary party. It is a general rule of equity that all persons should be made parties who are legally or beneficially interested in the subject matter of the litigation and who will be affected by the decree, so as to enable the court to dispose of the whole controversy. (*Oglesby v. Springfield Marine Bank*, 385 Ill. 414; *Giese v. Terry*, 382 Ill. 34.)

Plaintiff argues that the complaint does not pray for any relief against Almeida and that Almeida's only interest under the agreement was to have the stolen automobile sold and to receive the net proceeds after payment of the amount due plaintiff. We think plaintiff's position is untenable.

The chancellor allowed plaintiff's attorney's fees, stenographer's charges and costs which were drawn from the proceeds of the sale of the automobile, thus causing Almeida's share in the net proceeds to be reduced by that amount. Assuming, without deciding, that the fees allowed plaintiff's attorney are reasonable and proper, the fact is that under the terms of the decree Almeida is compelled to pay plaintiff's attorney's fees and other items without having his day in court. Further, the decree surcharged the defendant with the sum of $875 which represented depreciation in value of the automobile because of defendant's delay in selling it. It may well be that Almeida might consider the amount surcharged excessive or inadequate. In any event there can be no doubt that Almeida had a right to be heard on the question of surcharging defendant for his breach of the trust. Moreover, since Almeida is not a party, he is not bound by the decree and therefore would not be barred from instituting another suit against defendant based on the breach of the trust agreement

here involved, thus raising the same issues and subjecting defendant to liability again.

■ Plaintiff made a motion to dismiss the appeal on the ground that the appeal bond does not cover that portion of the decree appealed from. This motion was taken with the case. This contention is without merit for the reason that the notice of the appeal is controlling and the appeal is not restricted by the bond. The motion to dismiss is denied.

Under the authorities heretofore cited we think Almeida is an indispensable party and should have been made a party to the suit.

For the reasons stated, the decree is reversed and the cause remanded for further proceedings not inconsistent herewith.

*Reversed and remanded with directions.*

BURKE and KILEY, JJ., concur.