822 N.E.2d 79 (2004)
355 Ill. App.3d 1
290 Ill.Dec. 797
ARGONAUT INSURANCE COMPANY, Kenny Construction Company, Inc., and Park Newberry, an Illinois Corporation, Plaintiffs
v.
SAFWAY STEEL PRODUCTS, INC., Defendant (Reliance Insurance Company of Illinois, Defendant-Appellee; Federal Insurance Company, Intervening Plaintiff-Appellant; Transcontinental Insurance Company, Intervening Defendant-Appellee).
No. 1-02-2449.
Appellate Court of Illinois, First District, Second Division.
December 30, 2004.
Rehearing Denied February 2, 2005.
*82 Robert J. Franco, Vincent P. Tomkiewicz, Bollinger, Ruberry & Garvey, Chicago, for Appellant.
Mark E. Christensen, Jack C. Hsu, Kirsten Radler Waack, Christensen & Ehert, Chicago, for Reliance Insurance Company of Illinois.
Zacarias R. Chacon, Leena Soni, Cozen O'Connor, Chicago, for Transcontinental Insurance Co.
Justice HALL delivered the opinion of the court:
Federal Insurance Company (Federal), the intervening plaintiff, appeals from an order of the circuit court of Cook County vacating the grant of Federal's motion to intervene and dismissing its counterclaim for declaratory relief against Transcontinental Insurance Company (Transcontinental), the intervening defendant.
On appeal, Federal raises the following issues: (1) whether the circuit court erred in vacating its order granting Federal's motion to intervene, and (2) whether Federal's amended declaratory judgment complaint against Transcontinental was properly dismissed.

BACKGROUND
Park Newberry (Park) hired Kenny Construction Company (Kenny) to act as the general contractor on a condominium project developed by Park. In turn, Kenny hired Safway Steel Products, Inc. (Safway), as a subcontractor to erect and perform all heavy-duty sidewalk canopy work. Pursuant to its contract with Kenny, Safway added Kenny and Park as additional insureds in its insurance policy with Reliance, Safway's primary insurance carrier.[1] The contract also required Safway to provide this insurance as primary and noncontributory to any insurance policies maintained by Kenny and Park.
On December 16, 1996, Donald Hallsten was injured in a collision between his bicycle and a taxicab, allegedly the result of a construction canopy's obstruction of the view around the construction site. Kenny, Park, and Safway were named as defendants in the lawsuit stemming from the collision. Kenny tendered defense of this suit to Reliance pursuant to Reliance's certificate of insurance naming Kenny and Park as additional insureds on its policy with Safway.[2] Argonaut, as Kenny and Park's primary insurer, proceeded to defend the suit on behalf of Kenny and Park and, ultimately, settled it for $4 million. Since Argonaut's policy was limited to $1 million, Federal, Kenny's excess insurer, provided the settlement balance of $3 million.
Argonaut, Kenny, and Park filed a declaratory judgment complaint against Reliance *83 to determine whether Reliance had a duty to defend and indemnify Kenny and Park in the foregoing personal injury suit.[3] In their amended complaint, Argonaut, Kenny, and Park alleged that because Reliance failed to provide a defense and indemnification, Argonaut, on behalf of Kenny and Park, was forced to defend and incur expenses that should have been borne by Reliance.
On April 3, 2001, the circuit court ruled, as to count I, that Reliance owed Kenny and Park a duty to defend and indemnify under its policy. The court dismissed Argonaut's request for similar declaratory relief for lack of standing but granted Argonaut leave to amend.
On April 11, 2001, Argonaut filed an amended count I seeking, inter alia, declaratory relief against Reliance based on equitable contribution. Argonaut argued that Reliance was liable to Argonaut for the $1 million paid in the settlement of the personal injury suit as well as $472,566.50 in legal costs incurred to defend it. Argonaut further argued that this liability arose out of Reliance's duty to defend and indemnify Kenny and Park as additional insureds.
On May 3, 2001, Reliance appealed the circuit court's decision granting Kenny and Park declaratory relief. On July 2, 2001, this court dismissed the appeal.
On May 29, 2001, the Commissioner of the Commonwealth of Pennsylvania placed Reliance in rehabilitation, ordering all pending actions against the company to be stayed for 60 days. Reliance moved the circuit court to dismiss Argonaut's amended complaint or, in the alternative, to stay the proceedings.
On June 21, 2001, Federal petitioned the court to intervene in Argonaut's declaratory suit against Reliance and for leave to file a declaratory judgment complaint against Transcontinental. In support of its petition, Federal maintained that it was entitled to the first $3 million recovery from the Reliance-Transcontinental "tower of insurance." Federal argued that it was entitled to recover Reliance's policy limit of $1 million and $2 million from Transcontinental's excess coverage policy. As such, Federal's interest would be prejudiced if Argonaut was awarded its costs of $1 million plus legal expenses, thereby exhausting Reliance's $1 million primary policy limit. Federal also argued that it should be granted intervention as of right because the court's resolution of the case would bind it in any future action against Reliance and Transcontinental to recover its contribution to the settlement of the personal injury case. In the alternative, Federal argued that it should be granted permissive intervention because its claim against Reliance and Transcontinental arose from the same nucleus of operative facts as Argonaut's claim.
On June 28, 2001, the circuit court granted Federal's petition to intervene and granted Federal leave to file its declaratory judgment complaint against Transcontinental. The gravamen of Federal's claim was Reliance's and Transcontinental's duty to defend and indemnify Kenny as an additional insured.[4] Federal also sought a determination of Transcontinental's liability to reimburse Federal for its $3 million contribution to settle the personal injury claim.
*84 On October 3, 2001, Reliance was declared insolvent and was placed in liquidation. Reliance then moved to amend its earlier motion to dismiss or stay the proceedings. On October 15, 2001, the circuit court granted Reliance's motion to dismiss Argonaut's amended complaint for declaratory relief pursuant to Reliance's liquidation status.[5] The court continued the case for status as to Federal's complaint against Transcontinental.
Subsequently, Reliance renewed its motion to dismiss the remaining proceedings. Reliance argued that Federal's request for a declaratory judgment against Reliance, pursuant to Federal's intervention in Argonaut, Kenny, and Park's original action for declaratory relief, was barred by section 221.10 of the Illinois Insurance Code (215 ILCS 5/221.10 (West 2000)) because of Reliance's liquidation status. In the alternative, Reliance argued that, even if Federal sought relief only against Transcontinental, Reliance would be an indispensable party to these proceedings without which any judgment against Transcontinental would be null and void by operation of law. On April 30, 2002, Federal amended its complaint seeking relief only from Transcontinental.
On July 12, 2002, the circuit court dismissed Federal's amended complaint against Transcontinental. The court found that Federal's complaint did not allege sufficient facts to prove commonality of insureds, a necessary element to recover under equitable contribution. The court also determined that it improperly granted Federal's petition to intervene because Federal's complaint "is against another insured, Transcontinental, [which] happened to insure a co-defendant in the underlying action," as opposed to Reliance, which was a party to the original declaratory judgment action filed by Argonaut, Kenny, and Park. The court further explained that "Federal's complaint has no relationship to the case that was before [the circuit court], and it is dismissed for that reason."
On August 6, 2002, Federal appealed the circuit court's July 12, 2002, order. During the pendency of this appeal, Reliance filed a motion to dismiss this appeal, based on its liquidation and indispensable-party status. We ordered the motion to dismiss taken with the case.

ANALYSIS

I. Federal's Petition to Intervene

A. Standard of Review
The decision to allow or deny intervention, whether permissive or as of right, is a matter of sound judicial discretion that will not be reversed absent an abuse of that discretion. In re Estate of K.E.S., 347 Ill.App.3d 452, 464, 283 Ill.Dec. 76, 807 N.E.2d 681 (2004). An appellate court may find an abuse of discretion only where no reasonable person would take the view adopted by the trial court. Janky v. Perry, 343 Ill.App.3d 230, 234, 278 Ill.Dec. 148, 797 N.E.2d 1066 (2003).

B. Discussion
Federal contends that the circuit court erred when it vacated the grant of its petition to intervene. The purpose of intervention" `is to expedite litigation by disposing of the entire controversy among the persons involved in one action to prevent a multiplicity of actions.'" Home *85 Insurance Co. v. Lorelei Restaurant Co., 83 Ill.App.3d 1083, 1086, 39 Ill.Dec. 304, 404 N.E.2d 895 (1980), quoting University Square, Ltd. v. City of Chicago, 73 Ill.App.3d 872, 877-78, 29 Ill.Dec. 579, 392 N.E.2d 136 (1979). Furthermore, the intervention statute is remedial in nature and as such, should be construed liberally. In re Marriage of Hartian, 172 Ill.App.3d 440, 450, 122 Ill.Dec. 565, 526 N.E.2d 1104 (1988).

1. Standing to Intervene
The first threshold issue to consider in determining the propriety of the circuit court's grant of Federal's petition to intervene is whether Federal had standing to intervene in the action by Argonaut, Kenny, and Park. To have such standing, a party must have "an `enforceable or recognizable right,' and more than a general interest in the subject matter of the proceedings." In re Marriage of Perkinson, 147 Ill.App.3d 692, 698, 101 Ill.Dec. 137, 498 N.E.2d 319 (1986), quoting Board of Education, District No. 219 v. Board of Education, District No. 225, 112 Ill.App.3d 212, 221, 68 Ill.Dec. 16, 445 N.E.2d 464 (1983). An interest that is speculative or hypothetical is insufficient to support intervention. Perkinson, 147 Ill.App.3d at 698, 101 Ill.Dec. 137, 498 N.E.2d 319. Moreover, where the interest, if favorably resolved, could merely be advantageous to the intervenor at some future date, it is insufficient to support intervention. Perkinson, 147 Ill.App.3d at 699, 101 Ill.Dec. 137, 498 N.E.2d 319.
In this case, Federal, as excess insurer to Kenny and Park and the payor of the bulk of the costs to settle the personal injury case, had a substantial interest in determining the extent of Reliance's liability for these costs. As such, Federal had more than a general interest in the action and, thus, had standing to intervene.

2. Intervention as of Right
Once standing to intervene is resolved, intervention can be allowed as a matter of right or at the discretion of the trial court. See 735 ILCS 5/2-408(a), (b) (West 2000). Intervention as a matter of right should be allowed upon consideration of issues of timeliness, inadequacy of representation, and sufficiency of interest. Hartian, 172 Ill.App.3d at 450, 122 Ill.Dec. 565, 526 N.E.2d 1104. In the case at bar, there is no dispute about the timeliness of Federal's petition to intervene, and thus, only inadequacy of representation and sufficiency of interest need be considered.
In determining whether an intervenor could be adequately represented by the existing parties, courts consider a variety of factors. City of Chicago v. John Hancock Mutual Life Insurance Co., 127 Ill.App.3d 140, 145, 82 Ill.Dec. 166, 468 N.E.2d 428 (1984) (noting that determination of the adequacy of representation is not subject to "hard and fast rules"). These factors include: (1) the extent to which the interests of the applicant and of existing parties converge or diverge, (2) the commonality of legal and factual positions, (3) the practical abilities of existing parties in terms of resources and expertise, and (4) the vigor with which existing parties represent the applicant's interests. John Hancock Mutual Insurance Co., 127 Ill.App.3d at 145, 82 Ill.Dec. 166, 468 N.E.2d 428. Of this list, the most important factor is how the interest of the intervenor compares with that of the present parties. John Hancock Mutual Insurance Co., 127 Ill.App.3d at 145, 82 Ill.Dec. 166, 468 N.E.2d 428. In determining the sufficiency of the intervenor's interest, the allegations of the petition to intervene must be taken as true. Strader v. Board of Education of Community Unit School District Number 1, 351 Ill.App. 438, 451, 115 N.E.2d 539 (1953).
*86 In its petition to intervene, Federal alleged that it was entitled to recover the entire limit of Safway's policy with Reliance, creating a direct conflict with Argonaut, which sued Reliance for the same reason. Federal also argued, in effect, that its ability to recover from Transcontinental would be adversely affected should Argonaut not prevail against Reliance. While this may be an insufficient future interest to support intervention, Federal's interest in ensuring that Reliance was found liable for settlement costs was both present and immediate.
Taking these allegations as true, Federal's interest in the litigation would not be adequately represented by Argonaut's conflicting interest. While it could be argued that Argonaut and Federal have similar resources and expertise to pursue the action and their interests share the same legal and factual basis, there is reasonable concern as to whether Argonaut would have adequately represented Federal's interest with vigor, particularly considering their conflicting interests. Therefore, the circuit court properly granted Federal's petition to intervene as a matter of right and abused its discretion in vacating the grant of intervention.

II. Dismissal of Federal's Complaint

A. Standard of Review
The circuit court stated that Federal's claim against Transcontinental was subject to dismissal because it failed to allege a commonality of insureds. Therefore the dismissal was pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2000)), and our review is de novo. Carroll v. Faust, 311 Ill.App.3d 679, 684, 244 Ill.Dec. 291, 725 N.E.2d 764 (2000).

B. Discussion

1. Final Order

Since Federal's complaint against Transcontinental relies on the circuit court's April 3, 2001, order, finding Reliance owed a duty to defend and indemnify Kenny and Park, this order merits further discussion to clarify its status.
Our supreme court has determined that a final order is a judgment which finally and absolutely ascertains the rights of the parties to a lawsuit. Flores v. Dugan, 91 Ill.2d 108, 112, 61 Ill.Dec. 783, 435 N.E.2d 480 (1982); see also Clemons v. Mechanical Devices Co., 202 Ill.2d 344, 350, 269 Ill.Dec. 882, 781 N.E.2d 1072 (2002) (noting that, in determining whether an order is final, "one should look to its substance and effect rather than to its form"). Such a judgment must necessarily be on the merits so that, if affirmed, the only thing remaining is to execute the judgment. Flores, 91 Ill.2d at 112, 61 Ill.Dec. 783, 435 N.E.2d 480.
A review of the record indicates that the circuit court's determination that Reliance owed a duty to defend and indemnify Kenny and Park is neither final nor appealable. The circuit court's dismissal of Argonaut's amended complaint on October 15, 2001, expressly stated that such dismissal was pursuant to section 221.1 et seq. (215 ILCS 5/221.1 et seq. (West 2000)) and was "not a finding on merits as to [the action for declaratory relief against Reliance]." Thus, it is axiomatic that the circuit court's April 3, 2001, ruling with respect to Argonaut, Kenny, and Park's count I in its amended complaint for declaratory relief was not final since it did not determine the issues among the parties finally and completely on the merits. Therefore, it is not appealable. See 155 Ill.2d R. 301.

2. Federal's Complaint Against Transcontinental

Our supreme court has stated that pleadings must be liberally construed with *87 a view to doing substantial justice between the parties. Gonzalez v. Thorek Hospital & Medical Center, 143 Ill.2d 28, 34, 155 Ill.Dec. 796, 570 N.E.2d 309 (1991). However, if a plaintiff fails to plead in his complaint sufficient facts or the essential elements required for the action, the plaintiff will have failed to state a cause of action. Gonzalez, 143 Ill.2d at 35, 155 Ill.Dec. 796, 570 N.E.2d 309.
In addition, all the parties that have an interest in a suit should be joined to allow the court to dispose of the entire controversy. See 735 ILCS 5/2-406(a) (West 2000) ("If a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in"); see also Giese v. Terry, 382 Ill. 34, 41, 46 N.E.2d 90 (1943) ("All persons should be made parties who are legally or beneficially interested in the subject matter of the litigation, and who will be affected by the decree, so as to enable the court to dispose of the whole controversy"). If the absence of a necessary party is brought to the court's attention or noted by either the circuit or appellate court sua sponte,"the court should not proceed further in the matter until the omission has been corrected." Giese, 382 Ill. at 41, 46 N.E.2d 90.
Federal's complaint against Transcontinental sought relief on the basis of equitable contribution and equitable subrogation. The circuit court dismissed the complaint on the basis that it failed to state a claim upon which relief could be granted. In support of its decision, the court indicated only that Federal failed to establish the commonality of insureds required to grant relief under an equitable contribution theory.[6]

a. Equitable Contribution
Equitable contribution allows an insurer that paid for the entire loss to be reimbursed by other insurers liable for the same loss. Liberty Mutual Insurance Co. v. Westfield Insurance Co., 301 Ill.App.3d 49, 52, 234 Ill.Dec. 578, 703 N.E.2d 439 (1998). Thus, contribution does not arise as a right to recover from a party that is primarily responsible for a loss. Fireman's Fund Insurance Co. v. Maryland Casualty Co., 65 Cal.App.4th 1279, 1293, 77 Cal.Rptr.2d 296, 303 (1998). Rather, it arises from a right, which is independent from the rights of the insured, to recover from a co-obligor who shares the same liability as the party seeking contribution. Fireman's Fund Insurance Co., 65 Cal.App.4th at 1293, 77 Cal.Rptr.2d. at 303. In other words, contribution may arise where insurance policies "cover a risk on the same basis and there is an identity between the policies as to parties and insurable interests and risks." Home Indemnity Co. v. General Accident Insurance. Co. of America, 213 Ill.App.3d 319, 321, 157 Ill.Dec. 498, 572 N.E.2d 962 (1991).
However, it is axiomatic that equitable contribution does not apply to primary/excess insurance issues. Home Indemnity Co., 213 Ill.App.3d at 321, 157 Ill.Dec. 498, 572 N.E.2d 962. By their very definitions, primary and excess insurance policies cover different risks. Home Indemnity Co., 213 Ill.App.3d at 321, 157 Ill.Dec. 498, 572 N.E.2d 962. Excess insurance protection begins where primary insurance protection ends. Home Indemnity Co., 213 Ill.App.3d at 321, 157 Ill.Dec. 498, 572 N.E.2d 962.
Federal's complaint failed to plead sufficient facts to establish commonality *88 of risks to support its equitable contribution claim against Transcontinental.[7] In its complaint, Federal averred that Reliance provided Safway primary insurance coverage and Transcontinental provided excess insurance coverage. Federal further averred that the contract between Kenny and Safway required Safway to add Kenny as an additional insured on Safway's insurance polices whereby Reliance and Transcontinental's policies would be primary and non-contributing. Assuming, arguendo, that Reliance and Transcontinental were liable to Kenny as averred by Federal, Federal would be fourth in line to cover Kenny's insured risks after Reliance, Transcontinental, and Argonaut, as Kenny's primary insurer. In other words, Transcontinental and Federal did not share the same risks with respect to Kenny. As such, there is no set of circumstances that could support Federal's equitable contribution claim against Transcontinental. Therefore, Federal's claim for equitable contribution was properly dismissed.

b. Equitable Subrogation
Unlike equitable contribution, equitable subrogation is directly dependent on the right of the insured as subrogor. Fireman's Insurance Co., 65 Cal.App.4th at 1291, 77 Cal.Rptr.2d at 302. The required elements to prove a cause of action for equitable subrogation are: (1) the insured suffered a loss for which the defendant is liable, (2) the claimed loss was one for which the insurer was not primarily liable, (3) the insurer has compensated the insured in whole or in part for the same loss for which the defendant is primarily liable, (4) the insurer has paid the claim of its insured to protect its own interest and not as a volunteer, (5) the insured has an existing, assignable cause of action against the defendant that the insured could have asserted for its own benefit had it not been compensated for its loss by the insurer, (6) the insurer has suffered damages caused by the act or omission upon which the liability of the defendant depends, (7) justice requires that the loss be entirely shifted from the insurer to the defendant, whose equitable position is inferior to that of the insurer, and (8) the insurer's damages are in a liquidated sum, generally the amount paid to the insured. Fireman's Fund Insurance Co., 65 Cal.App.4th at 1292, 77 Cal.Rptr.2d at 302-03.
Federal's subrogation claim was insufficient because Federal failed to plead the essential elements of equitable subrogation. In particular, Federal failed to provide sufficient facts to establish Reliance and Transcontinental's liability to defend and indemnify Kenny and Park. Federal relied on the circuit court's April 3, 2001, order finding Reliance had a duty to defend and indemnify Kenny and Park to establish such liability. However, as previously discussed, this order was not a final determination on the merits. Furthermore, it is wholly unclear from Federal's amended complaint whether Transcontinental provided an endorsement making Kenny and Park additional insureds in Safway's policy with Transcontinental. Federal alleged only that the Transcontinental policy attached upon the exhaustion of the Reliance policy. Even if such endorsement existed, there is no allegation that the Transcontinental excess policy, unlike the Reliance policy, was made primary and noncontributing as to Kenny and Park. Absent such a showing, the nexus required to establish Transcontinental's liability *89 to Kenny and Park, and thus, to Federal as subrogor, does not exist.
Even if Federal's complaint averred sufficient facts to establish its subrogation rights against Transcontinental, the inability to join Reliance is fatal. While it is true that Federal's amended complaint seeks relief only against Transcontinental, imputing liability to Transcontinental will substantially prejudice Reliance's rights. There is no dispute that the Transcontinental policy was for excess insurance and stood behind the Reliance primary insurance policy to cover liabilities. Thus, assuming, arguendo, that Federal proved that Transcontinental had a duty to defend and indemnify Kenny and Park, it cannot do so without, expressly or impliedly, proving Reliance's liability as well. As such, Reliance's interest would be substantially prejudiced by an adverse ruling against Transcontinental thereby making Reliance an indispensable party to the proceedings. Since Reliance cannot be joined in the matter, the complaint against Transcontinental must be dismissed for its inability to join an indispensable party.

Conclusion
For all of the foregoing reasons, we reverse the circuit court's order vacating the granting of Federal's intervention petition and affirm the dismissal of Federal's complaint against Transcontinental. Deciding this case as we do, we deny Reliance's motion to dismiss the appeal as moot.
The judgment of the circuit court is reversed in part and affirmed in part.
Motion denied.
Reversed in part and affirmed in part.
BURKE, P.J., and GARCIA, J., concur.
NOTES
[1] Safway's insurance policy with Reliance provided for $1 million of primary coverage. Transcontinental provided $10 million of excess coverage for Safway.
[2] According to the pleadings, Reliance neither accepted nor declined the tender of the defense but requested additional information. Eventually, Reliance asserted that it had no indemnity obligation.
[3] Counts I and II of the amended complaint were directed against Reliance, and counts III and IV were directed against Safway.
[4] It is unclear if Transcontinental extended its excess insurance policy with Safway to provide excess coverage for Kenny and Park as additional insureds.
[5] In its October 15, 2001, order, the court also denied Reliance's motion to dismiss or, in the alternative, stay the proceedings as to Kenny and Park on count II as moot in light of Reliance's liquidation. Because it had entered a final judgment as to Safway on counts III and IV in its April 3, 2001, order the court made a Supreme Court Rule 304(a) (155 Ill.2d R. 304(a)) finding but only with respect to those counts.
[6] The circuit court did not specifically address the equitable subrogation count in dismissing the complaint.
[7] Although the circuit court dismissed Federal's equitable contribution claim on the basis of lack of commonality of insureds, this Court can uphold the decision on any basis found in the record. Home Indemnity Co., 213 Ill.App.3d at 321, 157 Ill.Dec. 498, 572 N.E.2d 962.